Elizabeth T. Dorey *vs.* John J. Dorey & another.

Middlesex.     January 17, 1924. — March 7, 1924.

Present: Rugg, C.J., DeCourcy, Pierce, Carroll, & Wait, JJ.

*Equity Jurisdiction,* To reach and apply property fraudulently conveyed. *Husband and Wife. Marriage and Divorce,* Effect upon decree of Probate Court for separate maintenance of decree of divorce granted respondent in another State. *Probate Court,* Jurisdiction. *Jurisdiction. Conflict of Laws.*

A woman, who has procured in the Probate Court a decree of separate maintenance against her husband which directed him to pay a definite amount to her, is not required to confine her efforts to enforce her decree to proceedings in the Probate Court but, under G. L. c. 214, § 3, cl. 9, may maintain a suit in equity in the Superior Court to reach and apply in payment of a debt accrued under the decree property fraudulently conveyed by her husband to a third party.

A divorce procured by a husband in another State, in divorce proceedings in which the wife, who was domiciled in this Commonwealth, did not submit to the jurisdiction of that State's court, does not terminate the right of the wife to enforce a decree for separate maintenance issued by the Probate Court of this Commonwealth.

Bill in equity, filed in the Superior Court on June 20, 1919, and afterwards amended, to reach and apply in payment of a debt property alleged to have been conveyed fraudulently by the defendant John J. Dorey.

In the Superior Court, the suit was referred to a master. Material findings by the master are described in the opinion. Exceptions by the defendant to the report were ordered overruled, and a motion to recommit the report was denied by *Morton,* J., by whose order a final decree for the plaintiff was entered. The defendants appealed from the final decree.

*C. G. Morse,* for the defendants Dorey and Bryne, submitted a brief.

*I. Harris,* for the plaintiff.

DeCourcy, J. This is a bill in equity brought to reach and apply in payment of a debt, property fraudulently conveyed by the defendant John J. Dorey. The facts found by

the master which are material to the issues now before us are as follows: The plaintiff and the defendant Dorey were married November 9, 1914. On April 21, 1916, she filed in the Suffolk Probate Court a petition for separate support against him: and that court issued a decree on June 15, 1916, ordering him to pay her $10 a week *pendente lite*. This decree has not been modified or vacated by the court; and nothing has been paid the plaintiff in accordance therewith. She obtained a decree of divorce *nisi* for desertion, in the Superior Court for Suffolk County, on December 13, 1920, and six months thereafter said decree became absolute.

The master finds that the defendant Dorey, while engaged in litigation with a former wife or with certain attorneys who were suing him for fees, transferred certain mortgages and stocks to his nephew, the defendant Willard B. Bryne, upon a secret trust and for the purpose of hindering, delaying and defrauding his [Dorey's] present and future creditors. Among the property thus fraudulently transferred or held there were seventy-five shares of the preferred stock of the American Sugar Refining Company, the certificates being numbered J–24271 and J–28666. In the case of Charles J. Martell *v.* John J. Dorey, et al. a final decree was entered to the effect that said seventy-five shares were so held by Bryne; a sale thereof was made in accordance with the decree, and after the claim of Martell was satisfied, the defendant Bryne received the balance of the proceeds, namely, $3,102.52, on or about April 23, 1921. See *Martell v. Dorey*, 235 Mass. 35. The master also found that under the decree of the Probate Court there was due and unpaid to this plaintiff to the time of the filing of this bill (June 20, 1919,) the sum of $1,560, and to the date of her decree absolute (June 13, 1921,) the sum of $2,610. A final decree was entered accordingly, establishing the total amount due with interest as $2,990; and ordering the defendant Bryne to apply the balance of the proceeds of the sale of said seventy-five shares to the payment of the amount found due this plaintiff, with interest and costs.

The exceptions taken by the defendant Bryne to the master's report have not been argued, and we treat them as

waived. It may be said, however, that, as they are based on contentions that the master was wrong in making certain findings, and in failing to make certain others, they are ineffective in the absence of the evidence. *Thompson* v. *Davis*, 225 Mass. 385. There was no error in the denial of the motion to recommit the master's report. The claim of the appellants, that the sole remedy of the plaintiff is in the Probate Court, cannot prevail. The decree of that court established the liability of the defendant Dorey for a definite amount; and no reason is shown why she should not have the rights given to a creditor under G. L. c. 214, § 3, cl. 9, to enforce payment of the same in a court having jurisdiction of the parties. *Green* v. *Gaskill*, 175 Mass. 265, 269. *McIlroy* v. *McIlroy*, 208 Mass. 458. *Williamson* v. *Williamson*, 246 Mass. 270.

The master referred to the court the question of law, whether the alleged decree of divorce in Oregon, granted to John J. Dorey, " assuming that the same is sufficiently proved by the evidence," bars all further claims of the plaintiff against Dorey after its date, to wit, February 14, 1917. It does not appear that the " certificate " of the clerk of the Oregon court was duly authenticated so as to make it admissible under G. L. c. 233, § 69. But it is doubtful if the master intended to refer that question to the court; and the plaintiff has not raised it properly, as she filed no exceptions to the report. On the record, however, the domicil of the plaintiff remained in this Commonwealth; she never submitted to the jurisdiction of the Oregon court; and the decree of that court could not terminate her claim against the defendant Dorey. *Commonwealth* v. *Blood*, 97 Mass. 538. *Shaw* v. *Shaw*, 98 Mass. 158. *Perkins* v. *Perkins*, 225 Mass. 82. *Andrews* v. *Andrews*, 188 U. S. 14.

The decree is to be modified by adding interest to date, and as so modified is affirmed, with costs.

*Decree accordingly.*