COMMONWEALTH *vs.* DAVID E. BOOTH.

Middlesex.    November 7, 1928. — January 30, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Constitutional Law,* Full faith and credit, Due process of law. *Marriage and Divorce. Comity. Conflict of Laws. Husband and Wife,* Non-support. *Jurisdiction.*

The Constitution of the United States does not require the courts of this Commonwealth to give full faith and credit to a divorce granted to a man by a court of Indiana on the ground that the libellee had wholly abandoned him, where it appears that the domicil of marriage of the parties and the domicil of the libellee were in this Commonwealth, that no personal service of process was made upon the libellee, that she had no notice nor knowledge of the proceedings, that the only service was by publication as required by the laws of Indiana, and that the libellant had been convicted of adultery here, thus completely justifying the libellee in not cohabiting with him and making it impossible for him to maintain his allegation of abandonment if he had made that fact known to the Indiana court.

Principles of comity do not require that recognition be given to a divorce obtained in such circumstances in Indiana.

The mere facts, that for a period of ten months the wife moved her domicil from this Commonwealth, during which time the libellant inquired at the libellee's former address in this Commonwealth and was unable to secure any information as to her address and then filed the libel, and that thereafter the libellee resumed her domicil here, after which the divorce was granted in Indiana, did not require the courts of this Commonwealth to recognize the Indiana divorce.

After the granting of the divorce in Indiana in the circumstances above described, the libellant was indicted in this Commonwealth under G. L. c. 273, § 1, as amended by St. 1925, c. 126, for unreasonably neglecting to provide for the support of his wife and child. It appeared that, after his conviction here for adultery, he had removed to Ohio, the wife and child remaining in this Commonwealth, that divorce proceedings instituted by him in Ohio had been dismissed, and that, in separate support proceedings instituted there by the wife, she had been given a decree, and that he had made payments in accordance with that decree until he procured the divorce in Indiana. *Held,* that

(1) The Indiana divorce was not a defence to the indictment;

(2) The fact that the defendant was not in Massachusetts between the dates alleged in the indictment as the times when the defendant was failing to furnish support was no bar to his conviction: the crime described in the statute is committed where the failure to support is

made manifest and not exclusively where the husband may happen to be when he is living apart from the wife;

(3) The statute was not unconstitutional as thus interpreted;

(4) The proceeding in Ohio was no bar to the indictment.

INDICTMENT, found and returned on March 5, 1928, described in the opinion.

There was a trial in the Superior Court before *Dubuque*, J., upon an agreed statement of facts. Material facts are stated in the opinion. The defendant was found guilty and alleged exceptions.

*M. G. Rogers*, for the defendant.

*R. S. McCabe*, Assistant District Attorney, for the Commonwealth.

RUGG, C.J. The defendant was indicted and, after plea of not guilty, was convicted of the offence that he did unreasonably neglect to provide for the support of his wife from January 1, 1926, to March 5, 1928, being then able to provide such support. G. L. c. 273, § 1. The case was tried on an agreed statement of facts. The facts thus displayed are that the defendant and his wife were married in Lowell in this Commonwealth in 1902, and lived there together until 1914, when the defendant was convicted of adultery. Thereafter they ceased to cohabit, although he continued to live in Lowell and to support his wife and child until 1918, when he removed to Ohio, the wife and child remaining in Lowell. In a court of that State he instituted divorce proceedings. The wife filed a separate support petition in the same court. Divorce was denied and the defendant was ordered by decree to pay specified sums for the support of his wife and daughter. That decree, subsequently modified as to amounts to be paid, remains in force. The defendant made payments under that decree until 1924 to a probation officer in Ohio, who sent them to the wife without direct communication with her by the defendant. Since July, 1924, no payment for the support of the wife has been made. In August, 1923, the wife and child left Lowell and established a domicil in the State of New Hampshire, where they remained until June, 1924. They then resumed their domicil in Lowell and have since resided there. On April 30, 1924, the defendant, having re-

moved to the State of Indiana but not for the purpose of obtaining a divorce, filed in a court of that State a libel for divorce against his wife on the ground of desertion. No notice of this proceeding was received by the wife and she had no knowledge of it. The notice was by publication, there was compliance with the laws of Indiana, and divorce was granted in July, 1924. The defendant made no inquiries of the Ohio probation officer as to the address of his wife, but before bringing his libel did inquire at the house in Lowell where she had formerly lived, but was unable to secure any information as to her address. The defendant has not resided in this Commonwealth since 1918 and has not been here between January 1, 1926, and the return of the indictment. His failure to support his wife has not been due to inability but to his contention that the Indiana divorce relieved him of that obligation.

The court rightly ruled that there was no condonation by the wife of the adultery by the husband. *Gardner* v. *Gardner,* 2 Gray, 434, 441. *Drew* v. *Drew,* 250 Mass. 41, 45. *Ripley* v. *Ripley,* 259 Mass. 26, 27. *Coan* v. *Coan,* 264 Mass. 291. Exception taken to this ruling has not been argued and is treated as waived.

It is manifest that the matrimonial domicil of the defendant and his wife was in this Commonwealth, that here he violated flagrantly his marital obligations and thereby terminated through his own fault the continuance of cohabitation as husband and wife. It is equally manifest that his wife was no longer under any obligation to follow him but could rightly retain a domicil for herself in this Commonwealth or acquire one elsewhere, separate and apart from any domicil of the husband. There is nothing to indicate any conjugal wrong on the part of the wife. Under general principles of law the husband, upon disclosure of all the matrimonial facts, could not have justly procured in any court a divorce from his wife. A form of divorce could be obtained only by suppression of the fact of his own conviction in this Commonwealth of the crime of adultery. It is clear that he could not truthfully have proved to any court the ground alleged in his libel for divorce in Indiana, viz., that his

wife had wholly abandoned him. His own misconduct as declared by his conviction of crime was the complete justification for her refusal to cohabit with him. The matrimonial domicil was continuously and exclusively in this Commonwealth. The Indiana court had no jurisdiction over that. It acquired no jurisdiction over the wife of the defendant because there was no personal service on her, there was no voluntary appearance by her, and she was ignorant of the entire proceeding until after it was ended. That court had jurisdiction of the defendant alone upon his libel for divorce.

The courts of this Commonwealth are not bound to give a divorce obtained in these circumstances full faith and credit under the Constitution of the United States. *Haddock* v. *Haddock*, 201 U. S. 562. Principles of interstate comity do not require that recognition be given to a divorce obtained by a court without jurisdiction of the other spouse or of the matrimonial *res* and doing violence to our own prior adjudication as to the matrimonial fault of the party procuring the divorce.

The removal of the domicil of the wife from this Commonwealth for a period of ten months, followed by resumption by her of the matrimonial domicil, the filing during this period by the defendant of his libel for divorce in Indiana, and the granting of that divorce after the resumption by the wife of the matrimonial domicil, are not factors requiring the courts of this Commonwealth to recognize the Indiana divorce. They do not affect the rule established by *Haddock* v. *Haddock*, 201 U. S. 562.

It is not necessary to determine whether, in a case where there is no proof of marital wrong committed in this Commonwealth as the matrimonial domicil by the spouse who has procured a divorce in another jurisdiction, such divorce will be refused recognition here only for the protection of the other spouse who is a resident here. See, for example, *Percival* v. *Percival*, 106 App. Div. (N. Y.) 111, affirmed 186 N. Y. 587; *Powell* v. *Powell*, 211 App. Div. (N. Y.) 750; *Hubbard* v. *Hubbard*, 186 App. Div. (N. Y.) 883, affirmed 228 N. Y. 81; *Kaiser* v. *Kaiser*, 192 App. Div. (N. Y.) 400, affirmed 233 N. Y. 524. We only decide that in the circumstances here

disclosed a divorce obtained in a foreign jurisdiction against a nonresident without personal service, voluntary appearance or knowledge, by one previously declared by our courts to have been guilty of adultery within this, the jurisdiction of the matrimonial domicil, will not be recognized as against the innocent resident spouse, or against the Commonwealth. *Perkins* v. *Perkins,* 225 Mass. 82.   *Dorey* v. *Dorey,* 248 Mass. 359.   *Corkum* v. *Clark,* 263 Mass. 378.

The fact that the defendant was not in Massachusetts between the dates alleged in the indictment is no bar to his conviction.   Criminal laws have no extraterritorial validity. They will not be enforced outside the jurisdiction of the sovereign by whose authority they are enacted.   That is a general principle.   The statute on which the present indictment was framed provides for the punishment of "any husband who unreasonably neglects or refuses to provide for the support and maintenance of his wife."   G. L. c. 273, § 1. This statute requires the support of the wife by the husband. If she is rightly resident within this Commonwealth and her support and maintenance are not afforded by reason of the neglect of the husband, the offence is committed.   It is the obligation of the husband to support her where the necessity for her support and maintenance arises.   The offence is committed by violation of the duty existing here.   The support must be furnished where she is.   The place of residence of the husband is not of consequence, in view of the fact that he left his wife and went into another State and she rightfully remains and is in this Commonwealth.   The place of the need of the wife fixes jurisdiction of the crime even though the husband may not be there at the moment her need arises. Laws to enforce the natural obligation of a husband to support his wife and family would be vain if the husband by crossing a State line could avoid any possibility of enforcement.   This circumstance does not justify any stretching of jurisdiction, but it reinforces the idea that the crime is committed where the failure to support is made manifest and not exclusively where the husband may happen to be when he is living apart from her.   *State* v. *Dvoracek,* 140 Iowa, 266. *In re Fowles,* 89 Kans. 430.   *In re Poage,* 87 Ohio St. 72, 85.

*State* v. *Peabody*, 25 R. I. 544.   *Commonwealth* v. *Blanding*, 3 Pick. 304, 311.   Jurisdiction is expressly conferred by G. L. c. 273, § 2, because the husband and wife last lived together in this Commonwealth at Lowell in Middlesex County. There is nothing in *Commonwealth* v. *Acker*, 197 Mass. 91, *Commonwealth* v. *Dornes*, 239 Mass. 592, or *Commonwealth* v. *Herrick*, 263 Mass. 25, contrary to this conclusion.   Those prosecutions were against husbands or fathers resident within this Commonwealth and within the words of the statute as to liability.

The proceeding in the courts of Ohio, whereby some provision was made for the support of the wife, is no bar to this indictment.   The defendant was refusing to comply with that decree.   The wife was in need.   The Commonwealth had a right to enforce its laws.   It is expressly provided by St. 1925, c. 126, amending G. L. c. 273, § 1, that "No civil proceeding in any court shall be held to be a bar to a prosecution hereunder for desertion or non-support."   Civil actions between the parties cannot bar the Commonwealth from protecting itself.

No constitutional rights of the defendant are affected by the statute as thus interpreted.   It is not given effect beyond the territorial limits of this Commonwealth.   It is enforced upon the defendant here with respect to an obligation established by our laws and existing here.   The defences interposed by the defendant are contrary to the policy of this Commonwealth and their recognition is not required by the Constitution of the United States as interpreted by the United States Supreme Court.   *Haddock* v. *Haddock*, 201 U. S. 562.

*Exceptions overruled.*