## HEMAN A. HARDING *vs.* MARTHA GOULD TOWNSEND & others.

Barnstable.    May 9, 1932. — September 14, 1932.

Present: RUGG, C.J., WAIT, FIELD, & DONAHUE, JJ.

*Legitimacy.    Descent and Distribution.    Marriage and Divorce.    Constitutional Law*, Full faith and credit.    *Conflict of Laws.    Probate Court,* Appeal, Finding by judge.

Where, upon appeal to this court from an order by a judge of probate, it appeared that the laws of another State were in issue, that such laws were presented to the judge at the hearing held by him and that he made certain findings concerning such laws, the correctness of such findings was to be determined by this court.

The descent and distribution of the property of a decedent domiciled in this Commonwealth and the ascertainment for that purpose of his next of kin and heirs at law must be according to the law of this Commonwealth; the legitimacy or illegitimacy of children for the purpose of determining who are the decedent's next of kin and heirs at law depends upon the law of the place of their domicil of origin.

According to the law of this Commonwealth, the heirs at law and next of kin of a decedent domiciled here are those who come within that degree of relationship upon the basis that children born of parents not in lawful wedlock under the laws of this Commonwealth may nevertheless be treated as legitimate issue provided they are legitimate issue according to the law of the State of their domicil of origin and residence.

Where, in proceedings in this Commonwealth, the legitimacy of the children of a man by his second wife was in issue as bearing on their kinship to a decedent domiciled here, and it appeared that the father, after being domiciled with his first wife in this Commonwealth, removed to North Carolina, leaving her domiciled here; that subsequently he instituted proceedings for divorce in North Carolina, in which service was made upon her according to the laws of that State and she appeared by counsel; that judgment dissolving the marriage was entered therein, with a recital of a finding of sufficient residence on the part of the father in that State and sufficient ground for divorce according to its laws; that the father subsequently married his second wife in North Carolina, where the children were born and were domiciled; that duly authenticated documents presented in the proceedings here showed on their face that the proceedings in North Carolina were regular and in conformity to its laws; and that the judgment in North Carolina never had been questioned, it was *held*, even assuming, without so deciding, that the father had practised fraud in certain

particulars upon the court of North Carolina in order to obtain the judgment of divorce, that

(1) Said judgment was entitled to full faith and credit here on the issue involved, namely, the legitimacy of the children under the laws of North Carolina as issue of the marriage of their father and mother contracted on the faith of the divorce there granted;

(2) Under statutes of North Carolina, conclusions were required that the children were legitimate in North Carolina and hence must be recognized as such in the proceedings here, so far as their kinship to the decedent domiciled here was concerned.

PETITION, filed in the Probate Court for the county of Barnstable on March 24, 1930, for proof of the will of Kate Augustina Gould, late of Chatham.

The petitioner filed the motion described in the opinion. It was heard by *Campbell*, J., a stenographer having been appointed under G. L. c. 215, § 18, as amended. Material findings by the judge appear in the opinion. He denied the motion. The petitioner appealed.

*H. A. Harding*, for the petitioner.

*R. E. French*, for the respondents.

RUGG, C.J. This is a petition by the one named as executor of an instrument offered for probate as the last will of Kate A. Gould, deceased, praying for leave to amend his petition for proof of said will by striking out the names of the persons therein described as heirs at law and next of kin of the decedent (hereafter called the respondents) and by inserting the names of other persons as such heirs at law and next of kin. The petition was denied. The petitioner appealed.

The contention of the petitioner is that the respondents are not heirs at law and next of kin of the decedent for the reason that their father, Nathaniel E. Gould, through whom their kinship to the decedent must be derived, having his domicil of origin and of marriage and his residence in this Commonwealth, went to North Carolina, there procured, by imposition upon its courts, a divorce from his wife (who retained her domicil in this Commonwealth), there married, and through that alliance became the father of the respondents. The trial judge made a report of the material facts in substance as follows: Nathaniel E. Gould

and his wife Susan were born and married and after their marriage lived together as husband and wife in this Commonwealth. He left home in 1893, went to North Carolina, returned in 1894 and at intervals thereafter lived here with her, and the rest of the time in North Carolina, until, on August 31, 1898, he left finally his home in Massachusetts and thereafter dwelt in North Carolina until his death. During his absences his wife brought against him in this Commonwealth, where she has been continuously domiciled, two petitions for separate support. He began proceedings for divorce from her in the Superior Court for Dare County, North Carolina, on August 4, 1899. The ground alleged was that in 1893 the wife abandoned the husband without cause and has since peremptorily refused to live with him. Service by mail was made on his wife at her home in this Commonwealth in connection with this divorce and the record of the court in North Carolina shows that some attorney appeared for her; judgment was entered in 1899 dissolving the marriage, wherein it was recited that the jury had found that the wife had abandoned the husband and had lived separate and apart from him for more than one year before the proceeding was instituted, and that the husband had been a resident of North Carolina for more than two years prior to the bringing of the proceeding. In February, 1900, Nathaniel E. Gould married in North Carolina, thereafter lived in North Carolina with this wife, and of that marriage the respondents were born. He died prior to the decedent, but his first wife survived her. There was no evidence that the divorce and marriage in North Carolina have ever been set aside or questioned.

A careful examination of all the evidence, which was reported by a stenographer and is in the record, shows that these findings of fact are supported and are not plainly wrong. They must be accepted as the basis of this decision. *Drew* v. *Drew*, 250 Mass. 41.

The real question is whether on these facts the respondents as the issue of the North Carolina marriage are entitled to be treated under the law of this Commonwealth for

purposes of descent and inheritance as the legitimate children of Nathaniel E. Gould. If they are entitled to be so treated, the petition was denied rightly. Assuming, but without so deciding, that Nathaniel E. Gould obtained a judgment of divorce, annulling his marriage with his wife Susan, by practising a fraud on the courts of North Carolina as to the cause alleged, as to the length of his residence within that State, or otherwise, and that the courts of this Commonwealth would not recognize, and would not be required under the full faith and credit clause of the Constitution of the United States to recognize, that divorce as valid here (see *Perkins* v. *Perkins*, 225 Mass. 82; *Corkum* v. *Clark*, 263 Mass. 378; *Commonwealth* v. *Booth*, 266 Mass. 80), the question remains for decision whether the issue of his marriage in North Carolina based on that divorce must be recognized as legitimate for the purpose of determining their kinship to a deceased resident of this Commonwealth under our laws for the probate of a will.

The descent and distribution of the property of the decedent and the ascertainment for that purpose of her next of kin and heirs at law must be according to the law of this Commonwealth. The legitimacy or illegitimacy of children for the purpose of determining who are her next of kin and heirs at law depends upon the law of the place of their domicil. Said Chief Justice Gray speaking for the court in *Ross* v. *Ross*, 129 Mass. 243, 246–247: "the status or condition of any person, with the inherent capacity of succession or inheritance, is to be ascertained by the law of the domicil which creates the status," with possible exceptions not here material. According to the law of this Commonwealth, the heirs at law and next of kin of a decedent domiciled here are those who come within that degree of relationship upon the basis that children born of parents not in lawful wedlock under the laws of this Commonwealth may nevertheless be treated as legitimate issue provided they are legitimate issue according to the law of the State of their domicil of origin and residence. *Green* v. *Kelley*, 228 Mass. 602. See *Gardner* v. *Gardner*, 232 Mass. 253; *In re Hall*, 61 App. Div. (N. Y.) 266, 277–278.

Therefore, the decisive point is whether the respondents were the legitimate children of Nathaniel E. Gould according to the law of North Carolina, where he went through the form of marriage with their mother, where their parents resided, and where they were born. The decision on this point depends upon the law of North Carolina. The trial judge states in his report that the laws of that State were presented to him. He found that the respondents as children of the North Carolina marriage of Nathaniel E. Gould were his legitimate children in that State. Whether this finding as to the law of North Carolina was right is to be determined. St. 1926, c. 168. *Lennon* v. *Cohen,* 264 Mass. 414, 421. *Richards* v. *Richards,* 270 Mass. 113. *Seemann* v. *Eneix,* 272 Mass. 189, 195–196.

Our attention has been drawn to these pertinent statutes of North Carolina: It was enacted by Pub. Laws 1895, c. 277, in § 1, amending § 1285 of the Code, that "if the wife shall abandon the husband, and live separate and apart from him for two years, the husband shall be entitled to a dissolution of the bonds of matrimony"; and in § 2 that "This act shall not apply to any separation that may occur after the passage of this act," but that it should apply to cases pending in the courts of the State. That act took effect on March 14, 1895. By Pub. Laws 1899, c. 211, § 1, the foregoing § 1 was amended by striking out the word "two" and putting in lieu thereof the word "one"; and the foregoing § 2 was amended by striking out the sentence above quoted and putting in lieu thereof: "That this act shall apply to all abandonments which occurred prior to January first, eighteen hundred and ninety-nine, but to none occurring thereafter." By § 3 the act was to be in force from and after its ratification, which occurred on February 13, 1899. The sentence in said § 2 as originally enacted to the effect that it should apply to cases pending in the courts was left unaffected by the amendment. As matter of statutory construction, abandonment for one year, made ground for divorce by said c. 211, was applicable to the case of Nathaniel E. Gould against his wife Susan, which was brought a few months after the operative date of that chapter. The copy of the record of the court of North

Carolina annulling the marriage between Nathaniel E. Gould and his wife Susan appears to be duly authenticated, to be regular in form, to be in conformity to the statutes of that State, and to be entitled in every respect so far as concerns the present proceeding to its due weight under the full faith and credit clause, art. 4, § 1, of the Constitution of the United States, and under G. L. c. 233, § 69. *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow*, 203 Mass. 159, 205–220. *Willock* v. *Wilson*, 178 Mass. 68, 74. *Makorios* v. *H. V. Greene Co. Inc.* 256 Mass. 598–599. The question is not what recognition should be given to the decree of divorce in this Commonwealth, where the rights of the first wife of Nathaniel E. Gould or of the Commonwealth might be affected. *Corkum* v. *Clark*, 263 Mass. 378. *Commonwealth* v. *Booth*, 266 Mass. 80. We are not concerned with what the courts of North Carolina might do with respect to that divorce, provided the facts here disclosed were brought to their attention by appropriate proceedings. It is not relevant here that it was required by Code of North Carolina (1883) vol. 1, c. 29, § 1287, that the facts set forth in the complaint of Nathaniel E. Gould as grounds for divorce must have existed to his knowledge for at least six months prior to the filing of the complaint, and that he must have been a resident of that State for two years prior to such filing. These facts do not appear on the face of the record of the court to be absent, but appear to be established by it. Even if it be assumed that there is proof in the present record that these facts did not exist, there is no jurisdiction in the courts of this Commonwealth to set aside a judgment of a court of North Carolina. *Corkum* v. *Clark*, 263 Mass. 378, 385. We are concerned only with the status of the respondents under the laws of North Carolina as issue of the marriage of their father and mother contracted on the faith of that divorce. It is to be presumed in the absence of evidence to the contrary that the North Carolina wife was innocent of any wrong in contracting the marriage with Nathaniel E. Gould. Every presumption is in favor of good faith. *Plumer* v. *Houghton & Dutton Co.* 277 Mass. 209.

The judgment of the North Carolina court annulling the marriage stands in full force and effect. No proceedings to set it aside have been undertaken. The service on the wife resident in this Commonwealth appears on its face to have been in conformity to the laws of North Carolina as to a nonresident spouse in the conditions shown. Our attention has not been drawn to any law of that State indicating the contrary. Moreover, according to the court record appearance in behalf of the Massachusetts wife was entered in that proceeding. See *Chapman* v. *Chapman*, 224 Mass. 427. The State of North Carolina had inherent power, so far as concerned its own citizens, over the marriage relation, its formation and dissolution. *Haddock* v. *Haddock*, 201 U. S. 562, 569. Like jurisdiction to that asserted by this Commonwealth over marriage and divorce where one spouse only is a resident of this Commonwealth, G. L. c. 208, § 5, *Franklin* v. *Franklin*, 154 Mass. 515, must be conceded to other States. Since the proceedings of the North Carolina court for divorce appear to be regular on their face, they afford at least color to justification for entering into the marriage in that State. Even if the decree annulling the marriage had been set aside by the North Carolina court, the children born of the subsequent marriage would be legitimate. Children of a marriage declared null and void are legitimate by statute in North Carolina. *Setzer* v. *Setzer*, 97 N. C. 252, 255. *Taylor* v. *White*, 160 N. C. 38, 41. The situation is that upon proceedings instituted by Nathaniel E. Gould in the courts of North Carolina his marriage with his Massachusetts wife was annulled by judgment of a court of competent jurisdiction; that judgment is regular on its face, appears to be in conformity to the law of that State and has stood unrevoked and unassailed for many years; Nathaniel E. Gould then married a resident of North Carolina, lived with her there until his death, and the respondents were born by virtue of that marriage. The conclusion seems irresistible that the respondents are the legitimate children of Nathaniel E. Gould in North Carolina, where they were born and where their parents were domiciled.

It follows that, being legitimate in the State of their origin, the respondents must be recognized as legitimate in this Commonwealth for purposes of ascertaining the heirs at law and next of kin of a deceased resident of this Commonwealth. That is settled by *Green* v. *Kelley*, 228 Mass. 602.

There is nothing in this decision at variance with *Perkins* v. *Perkins*, 225 Mass. 82, *Dorey* v. *Dorey*, 248 Mass. 359, *Corkum* v. *Clark*, 263 Mass. 378, *Commonwealth* v. *Booth*, 266 Mass. 80, or other cases upon which the appellant relies.

Every argument presented by the petitioner has been considered, but further discussion is not necessary.

The result is that the finding made by the trial judge that the respondents are heirs at law and next of kin of the decedent was warranted by the evidence, that that finding is not vitiated by any error of law, and that there was no reversible error in dismissing the petition.

*Order dismissing petition affirmed.*