Wilson, J.
This was an action of tort in which the plaintiff seeks to recover for personal injuries alleged to have been caused by the negligence of the defendant, resulting from an automobile collision. The answer was a general denial, contributory negligence, and, by amendment, a plea of res adjudícala.
It was agreed by counsel for both parties that the negligence of the defendant had been established in a prior suit in the District Court of Lawrence, which was for property damage only, growing out of the same collision. Said suit was between the same parties as the instant case and judgment was entered and execution issued which has been satisfied in full.
The plaintiff filed eleven requests for rulings. • The court gave numbers 1, 2, 3, 4, 6 and 10, and refused 5, 7, 8, 9 and 11. Those now material are 5, 7 and 11, which are as follows:
*246 “5. The plaintiff was not bound to commence his action for injuries to person in the same action for injuries to property due to the difference in the statute of limitations.”
“7. As a matter of law, a tort action arising out of a motor vehicle accident between the same plaintiff and the same defendant can now be split into an action for injuries to person and an action for injuries to property. ’ ’
‘ ‘ 11. As a matter of law, the fact that the plaintiff recovered damages for injury to property from the same defendant in a prior suit is no bar to the plaintiff’s recovery in this action for bodily injuries.”
The sole issue in the instant case is whether the final adjudication of the prior action for property damages, brought by the same plaintiff against the same defendant, is a bar to this action for personal injuries sustained by the plaintiff in the same accident.
It was said in Trask v. Hartford and New Haven Railroad Company, 2 Allen 331, 332:
“It is an established principle of law, that judgment in a civil suit upon a certain alleged cause of action is conclusive upon the parties in relation to it, and that another suit for the same cause cannot be maintained for any purpose whatever. No man is liable to be twice charged, or to be a second time proceeded against in a civil action, for the same unlawful act, if the first has been pursued to final judgment.”
This principle has been strictly followed in this Commonwealth. Doran v. Cohen, 147 Mass. 342, 344. Bliss v. New York Central and Hudson River Railroad, 160 Mass. 447, 455. Clarke v. New York and New England Railroad Company, 172 Mass. 211, 213. Sibley v. Nason, 196 Mass. 125, 131. DiRuscio v. Popoli, 269 Mass. 482. Chelsea Moving and Trucking Co. v. Ross Towboat Co., 280 Mass. 262. Laughlin v. Wright Machine Co., Mass. Adv. Sh. (1936) 2081, 2082. Bonifazi v. Breschi, Mass. Adv. Sh. (1937) 225, 228.
*247 It is argued by the plaintiff that the right to recover for damage to his property and to recover for personal injuries sustained by him are separate causes of action. But in Doran v. Cohen, 147 Mass. 342, 344, the court said:
“The plaintiff could not legally maintain more than one action for the same tortious act. He could not divide the tort, and have one action for the injury to his property and another for the injury to his person. Trask v. Hartford & New Haven Railroad, 2 Allen 331. This is upon the ground that he could not maintain two suits for the same cause of action.”
It seems clear that, in this Commonwealth, the tortious act constitutes the cause of action and all the damages sustained by the plaintiff attributable to such act must be recovered in one action.
It is true that the rule may be different in other jurisdictions. There it is held that one wrongful act may constitute a violation of different rights which may each give rise to a distinct cause of action. Brunsden v. Humphrey, 14 Q. B. D. 141. Reilly v. Sicilian Asphalt Paving Co., 170 N. Y. 40. Boyd v. Coastlines Railroad Company, 218 Fed. 653. Ochs v. Public Service Railroad Company, 81 N. J. Law 661. Clancey v. McBride, 338 Ill. 35.
The object of the rule prevailing in this Commonwealth is to prevent repeated litigation, protect the defendant from unnecessary vexation and the costs and expenses incident to numerous suits. The rule is founded not upon any legal right of the defendant but upon the principles of public policy. Erie Railroad Company v. C. Callahan Co., 204 Ind. 580.
It is strongly urged by the plaintiff that although by the common law, judgment satisfied in a suit for property damages, would prevent the same plaintiff from maintaining a new action against the same defendant for personal injuries *248 resulting from the same tortious act, nevertheless, now in this Commonwealth, personal injuries and property damages sustained as the result of a “motor tort” so-called constitute separate causes of action, so that a judgment in an action based on one form of damage is no longer a bar to a later action based on the other form of damage. The reasons relied on by the plaintiff are:
(1) That the Statute of Limitations as to property damage remains at six years after the cause of action accrues, Gr. L. (Ter. Ed.) ch. 260, §2, while as to personal injuries the limitation has been reduced to one year, Gr. L. (Ter. Ed.) ch. 260, §4.
(2) That the claim for damages to property may be assigned while that for personal injuries may not.
(3) That as incident to the right to register a motor vehicle in this Commonwealth, the owner must provide certain security for the payment of claims for personal injuries due to the negligent operation of his vehicle, while no such requirement prevails as to claims for damage to property so sustained, G. L. (Ter. Ed.) ch. 90, §§34A to 34J inclusive.
But the cause of action, so it seems to us, is still the tortious act from which both the damage and the personal injuries arose.
The cause of action was recognized at the common law, it was not created by statute. The limitation of time within which the action could be brought is a mere restriction upon the remedy. It is not a limitation upon the right itself, McLearn v. Hill, 276 Mass. 519, 522.
The policy of the law of not permitting assignments of' claims for personal injuries is not new. It is an ancient doctrine of the common law. The reasons for the policy are to avoid maintenance, arid that assignments are void, unless the- assignor has either actually or potentially the thing *249 which he attempts to assign. Rice v. Stone, 1 Allen 566, 568, 569, and cases cited. White Sewing Machine Co. v. Morrison, 232 Mass. 387, 388.
Nor does the “Compulsory Insurance” statute change the nature of the cause of action. Its sole purpose is to provide a means of securing the payment of judgments obtained for definite forms of injuries, which may be recovered in common law actions of tort for negligence.
We can find nothing in the authorities cited by the plaintiff or in his argument indicating any intention of the legislature to change, or any trend of judicial decision in this Commonwealth to recede from the established principle referred to in Trask v. Hartford and New Haven Railroad, 2 Allen 331.
We are of opinion that the trial court was right in refusing the plaintiff’s requests.
The report contains no prejudicial error and it is dismissed.