Rockingham, } No. 3946.
Dec. 5, 1950. }

WINIFRED H. MONTVILLE, *Ap't v.* JAMES R. HAMBLIN *& a. Ap'ee.*

*William H. Sleeper* and *Maybelle Fellows Murphy,* of Massachusetts, for the plaintiff.

*John W. Perkins* and *Everett P. Holland,* for the defendants.

JOHNSTON, C. J. The defendants correctly argue that the issue of their legitimacy was actually litigated in the first proceeding and that the plaintiff is precluded by it. A decree of a Probate Court cannot be attacked collaterally. *McInnes* v. *Goldthwaite,* 94 N. H. 331, 336, and cases cited. This conclusiveness of a probate decree applies to a judgment of the Superior Court sitting as an appellate court of probate.

It is true that the cause of action of the second petition was not the same as that of the first. The purpose of the second is to disqualify the defendants as heirs of George E. Hamblin, while the object of the first was to remove Nellie M. Hamblin as administratrix.

But the issue of the legitimacy of the defendants which determines the result of the present petition was actually decided in the earlier proceeding. The plaintiff concedes in his brief that that proceeding "involved the question of whether or not under the law of New Hampshire Nellie M. Hamblin was the legal wife of George E. Hamblin." It was adjudicated that she was. From this adjudication it necessarily follows as a matter of law and of definition that the issue of the marriage of George E. Hamblin and Nellie M. Hamblin are legitimate. To hold otherwise would be a contradiction in terms.

"Where a question of fact essential to the judgment is actually litigated and determined by a valid and final judgment, the determination is conclusive between the parties in a subsequent action on a different cause of action. . . ." Restatement, Judgments, 293. This same principle is recognized in *Lovejoy* v. *Ashworth,* 94 N. H. 8, and cases cited.

It would be vain and to no purpose to consider what another jurisdiction might hold respecting the legality of this marriage and the legitimacy of its issue, because this court is bound by the judgment already entered in this jurisdiction concerning these matters.

The plaintiff suggests that the parties in the present proceeding are different from those in the prior proceeding. Just what is meant is not further specified. "It is essential only that the persons between whom the rules of *res judicata* are claimed to be effective should be the same in the two actions." Restatement, Judgments, 359. The excepting party does not establish that the present parties were not adversaries in the first action. The fact that there are now fewer parties is immaterial.

*Exception overruled.*

DUNCAN, J. dissented: the others concurred.

DUNCAN, J., *dissenting:* If the plaintiff is correct in her contentions, the marriage of the decedent and Nellie Hamblin in New Hampshire while they were domiciled in Vermont and intended to, and did, remain resident there, was invalid in that state. (G. L.; Vt., *ss.* 3602, 3514; *Wheelock* v. *Wheelock*, 103 Vt. 417), and it would seem to follow that the defendants' status at birth, by the law of Vermont where they were born, was that of illegitimacy. The decedent was domiciled in New Hampshire at death, and the defendants' right to inherit is doubtless determinable according to New Hampshire law. It may well be that comity does not require this jurisdiction to enforce the law of Vermont with respect to the status of the defendants, since our statutes contain no provisions comparable to those of the uniform marriage evasion act. But *cf.* Restatement, Conflict of Laws, *s.* 121; *s.* 132, *comment e*; *s.* 138; *Harding* v. *Townsend*, 280 Mass. 256. See anno., 73 A. L. R. 941; 162 A. L. R. 626.

In my judgment the plaintiff is entitled to a decision of these questions, which the majority opinion holds need not be considered. The issue in the former appeal was whether Nellie Hamblin was by virtue of a marriage in New Hampshire, the "widow" of the decedent within the meaning of R. L., *c.* 352, *s.* 2, so as to be entitled to administer his estate. What was her relation to him was the question presented. The issue in this appeal is whether the defendants are entitled to share in the decedent's estate under our law of descent and distribution (R. L., *c.* 360), if under the law of the place of their birth

they were not legitimate children of the decedent. See Restatement, Conflict of Laws, ss. 138, 304. What was *their* relation to him is the question now presented. I do not understand that any "question of fact" previously "litigated and determined" is now disputed, or that the issue of the defendants' right to inherit was in any way involved in the prior appeal. Although the pleadings and transcript of the former proceedings are before us, they do not indicate that the defendants were parties. If they were, the burden of showing it should be upon the defendants who plead *res judicata*. In my view, the plaintiff is entitled to trial of the pending petition, and her exception should be sustained.