STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
MORRIS GREENBERG, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued June 1, 1954—Decided June 4, 1954.

Before Judges CLAPP, SMALLEY and SCHETTINO.

*Mr. Frank J. V. Gimino* argued the cause for the State (*Mr. Frederick T. Law,* County Prosecutor).

*Mr. Murray Greiman* argued the cause for defendant-appellant.

The opinion of the court was delivered by

CLAPP, S. J. A. D. Defendant appeals from a conviction under *N. J. S. A.* 2:121–1 and 2:121–2 for deserting and willfully neglecting to maintain his wife. He was sentenced to imprisonment for a term of one year; but the sentence was suspended, and he was placed on probation for two years and ordered to pay $10 per week for the support of the wife.

Was the proceeding theretofore taken by the wife under the Uniform Reciprocal Enforcement of Support Act, *N. J. S. A.* 2A:4–30.1 *et seq.,* a bar to the present proceeding which was based on statutes drawn in large part from the Uniform Desertion and Nonsupport Act? The former proceeding was civil in nature; it was initiated on the petition of the wife in the Hudson County Juvenile and Domestic Relations Court, applying for $40 weekly for the support of herself and her child; and it culminated in an order of the Domestic Relations Court of the City of New York making no direction as to herself, but requiring the defendant to pay $15 a week for the support of the child. The present proceeding is both civil and criminal, both phases of the proceeding being initiated by a single complaint. *State v. Savastini,* 14 *N. J.* 507, 516 (1954).

The contention, below and here, is that the civil proceeding under the Uniform Reciprocal Enforcement of Sup-

port Act, which led to the New York order, operates to bar the State from prosecuting the criminal phase of the present action. This contention is untenable. A civil action between the parties cannot bar the State from redressing a criminal offense. *Commonwealth v. Booth*, 266 *Mass.* 80, 165 *N. E.* 29 (*Sup. Jud. Ct.* 1929); *State v. Wohlfort*, 123 *Kan.* 62, 254 *P.* 317 (*Sup. Ct.* 1927).

A somewhat more difficult issue would have been presented if the defendant had raised below the question whether the New York proceeding bars the civil phase of this proceeding. See *N. J. S. A.* 2A:4–30.3 and the Uniform Commissioners' Prefatory Note on that section; *cf. Kopak v. Polzer*, 4 *N. J.* 327, 330 (1950). However, not only was this issue not raised below, but it is not brought out on the appeal. Thus, in the statement of questions in his brief, defendant deals with the objections raised on the motion for acquittal and the motion for a new trial. But, so far as appears, the court at those stages of the case was not even contemplating an exercise of the civil authority vested in it by *N. J. S. A.* 2:121–4.

Defendant urges, next, that the verdict is inconsistent and therefore fatally defective. He was convicted on the first two counts of the indictment here, charging him with deserting and willfully neglecting to provide for the support of his wife, and was acquitted on the third and fourth counts charging him with a like offense against his child. As to the effect of an inconsistency in a criminal verdict, no argument is made; nor are authorities cited. 23 *C. J. S., Criminal Law*, § 140, *p.* 1092. However, here the verdict is not necessarily inconsistent; the jury could reasonably have found that there was, on defendant's part, no willful failure to support the child. Little is needed to support so young an infant. More than that, he complied with the New York order which provided $15 weekly for the support of the child beginning December 12, 1952; and at the same time he hid behind that order in failing to provide for his wife. The order, true enough, did not order him to support her, but it seems to have been based on the circumstance that when it

was made, he was out of work, whereas in fact he secured work a month later, pocketing the salary.

 Defendant also charges that the verdict with respect to the wife is against the weight of the evidence and that the evidence, that he deserted and willfully failed to support her was so slight as to have made it obligatory upon the court to grant his motion for acquittal. There is nothing to these points. With respect to the matter of desertion, she testified that he stayed away from his wife and child, saying he "wasn't coming back," notwithstanding the entreaties of herself, her father and friends. With respect to his failure to provide for her, she testified to several matters of significance—for one thing, that every few months he would cease making the payments of alimony agreed upon, and indeed never did catch up on the arrearages.

Affirmed.