LORENCO ARAUJO LOPES & others *vs.* WILLIAM S. DOWNEY, public administrator, & another.

Bristol.    October 31, 1955. — May 10, 1956.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Legitimacy.    Descent and Distribution.    Conflict of Laws.*

The law of Massachusetts determines the class entitled to inherit the personalty of an intestate domiciled here; legitimacy of one domiciled in another jurisdiction as bearing on whether he is a member of that class is governed by the law of his jurisdiction. [162–163]

Personalty in Massachusetts of an intestate domiciled here who left no widow, no issue and no father or mother was not distributable to other children of the intestate's father by other mothers as brothers and sisters of the intestate where it appeared that the intestate and such other children were all born out of wedlock in the Cape Verde Islands, that their father never married any of their respective mothers, that their father and their respective mothers duly acknowledged them there as their children in accordance with the governing law of Portugal, but that under that law a child born out of wedlock was not legitimatized merely by such an acknowledgment without intermarriage of the parents; provisions of that law allegedly permitting the inheritance of property by an acknowledged child born out of wedlock were immaterial. [163–164]

PETITION for distribution, filed in the Probate Court for the county of Bristol on December 3, 1952.

The case was heard by *Considine,* J.

*Antonio de J. Cardozo,* for the petitioners.

*Dorice S. Grace,* Assistant Attorney General, for the Treasurer and Receiver General.

*William S. Downey,* public administrator, filed a brief.

RONAN, J.    This is an appeal from a decree of the Probate Court for the county of Bristol dismissing a petition for distribution filed by the petitioners who claim to be the next of kin and heirs at law of the intestate, Nicolau T. Lopes, whose estate is being administered by the respondent,

a public administrator. We have no transcript of the evidence and the facts appear from a report of material facts made by the judge.

The decedent, Nicolau T. Lopes, was born in the town of Ribeira Brava, Island of Saint Nicholas, one of the Cape Verde Islands, on September 10, 1895. His parents were Francisco Antonio Lopes and Rosa Libania Brito, both single persons. They both acknowledged him as their child in the birth record in the public registry in said Ribeira Brava on November 30, 1896. His parents never married. His mother Rosa died in 1940 leaving no issue so far as known. His father died in 1943. Three of the petitioners for distribution were born out of wedlock and are the children of the decedent's father and one Francisca Maria Araujo. They were born between 1908 and 1914. They were properly acknowledged by their parents in the said registry in accordance with the Portuguese law. The remaining two petitioners for distribution were born in 1911 and 1916 respectively. They also were born out of wedlock. Their parents were the decedent's father and one Maria Barbara Soares. They were acknowledged publicly in the same manner as the others.

It does not appear when the decedent left the Cape Verde Islands and settled in New Bedford. He married Anna S. Lopes in New Bedford with whom he lived until her death in 1928. He did not again marry. He continued to live in New Bedford until his death on December 15, 1950. He left no widow, no lawful issue, and no father or mother. The respondent, Mr. Downey, a public administrator, is ready to close the estate.

The decedent was domiciled here for many years before his death. His estate consists entirely of personalty and must be distributed according to the laws of this Commonwealth to persons bearing a certain relationship to the deceased. If, for instance, a person bears the status of a legitimate child of the decedent by virtue of some law of a foreign jurisdiction where the decedent was then domiciled he will generally be so considered here; on the other hand,

if he was the illegitimate son he will be treated in that capacity here. *Ross* v. *Ross*, 129 Mass. 243. *Green* v. *Kelley*, 228 Mass. 602. *Harding* v. *Townsend*, 280 Mass. 256, 263. A child who had become legitimate would be entitled to participate in the settlement of an estate upon the same basis as a legitimate child in accordance with our statutes. G. L. (Ter. Ed.) c. 190, §§ 6, 7. The appellants are not aided by § 6 making the illegitimate's mother his heir because she predeceased the decedent and, further, because none of the appellants was any relation whatever to her and would not have taken as if he had been her legitimate child. Neither are the appellants aided by § 7, as amended by St. 1943, c. 72, § 1, providing for the legitimization of the decedent, because his parents never intermarried. Article 119 of the Civil Code of Portugal, which governs the Cape Verde Islands, reads as follows: "Children born out of wedlock are legitimated by the intermarriage of their parents: 1– If said children are acknowledged by their fathers and mothers in the marriage record, or in the birth register of the same children, or in a testament, or in a public scripture, before or after matrimony. 2– If the children prove their filiation by means of judicial proceedings and decree."

The appellants admit that the only way an illegitimate child can be legitimatized under the Portuguese Code prevailing in the Cape Verde Islands is by a subsequent marriage and the acknowledgment, by the parents, of the child as theirs. *Hopkins* v. *Hopkins*, 287 Mass. 542. They contend that they are the "acknowledged" brothers and sisters of the decedent under the laws of Portugal by virtue of the acknowledgment of Francisco, their common father, and that consequently they are entitled to a share in the estate of the decedent. The appellants could not inherit by our common law, *Stevenson's Heirs* v. *Sullivant*, 5 Wheat. 207, and our statutes governing descent and distribution contain no provision permitting an illegitimate child to participate in the estate of a putative father simply because he was only acknowledged by the latter. In the first place, the mere acknowledgment by the father is not shown by

the laws of Portugal to be a method of legitimatizing his illegitimate child, and the appellants make no such claim. Nothing in the code was pointed out to the judge which provides that a child merely acknowledged becomes the legitimate child of the one who acknowledged him as his child.  Restatement: Conflict of Laws, § 120, comment b.

The appellants agree that there was no intermarriage between the decedent's father and either of their respective mothers and concede that none of them was the legitimate child of the decedent's father.  They now base their claim upon the alleged ground that they are the acknowledged brothers and sisters of the deceased and entitled by the laws of Portugal to inherit his property wherever located and that this Commonwealth will recognize their right to share in the decedent's property.  We do not agree.  There is a great difference between a statute which merely enables a natural child, when recognized by his parents, to inherit as a recognized natural child and a statute which legitimatizes such a child.  The first is limited to controlling inheritance of property in that country and has no extraterritorial effect upon the devolution of property located in this State.  *Vergnani* v. *Guidetti,* 308 Mass. 450, 454.  *Pfeifer* v. *Wright,* 41 Fed. (2d) 464.  *Stoltz* v. *Doering,* 112 Ill. 234. *Barnum* v. *Barnum,* 42 Md. 251.  *Matter of Tomacelli-Filomarino,* 189 Misc. (N. Y.) 410.  *Matter of Vincent,* 189 Misc. (N. Y.) 489.  73 A. L. R. 941.  Goodrich, Conflict of Laws (3d ed.) §§ 140, 144.

*Decree affirmed.*