EDWARD BRADLEY *vs.* D. NOYES BURTON.

Suffolk.    March 12, 1890. — May 9, 1890.

Present: FIELD, DEVENS, W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Poor Debtor — Charges of Fraud — Gaming without the State.*

The Pub. Sts. c. 162, § 17, cl. 3, and § 52, providing for the arrest and punishment of a judgment debtor, who, since the debt was contracted or cause of action has accrued, has hazarded his property in gaming, do not apply to gaming in another State by a non-resident debtor, who is in no way amenable to the laws of this Commonwealth.

CHARGES OF FRAUD, filed by a judgment creditor resident in New York, under the Pub. Sts. c. 162, § 49, against his debtor, a resident of Vermont, upon the application by the latter to take the oath for the relief of poor debtors. The magistrate found the debtor not guilty of the charges, four of which were charges of gaming with cards in New York and Vermont since the debt was contracted or the cause of action accrued, and discharged him; and the creditor appealed to the

Superior Court. At the trial in that court, before *Bishop*, J., the debtor moved to dismiss these four charges, on the ground " that the gaming therein set forth occurred outside this Commonwealth, and such gaming is not prohibited by its laws." The judge overruled the motion, and refused to rule that such charges could not be sustained.

The jury returned a verdict of guilty; and the debtor alleged exceptions.

*W. B. French*, for the debtor.

*W. W. Doherty*, for the creditor.

KNOWLTON, J. This case presents the question whether the proof of a charge " that, since the debt was contracted or the cause of action accrued, the debtor has hazarded and paid money, or other property, to the value of one hundred dollars or more, in some kind of gaming prohibited by the laws of this Commonwealth," will preclude a debtor who is arrested from taking the oath for the relief of poor debtors, if it appears that the game was played in another State, and that the debtor was not a citizen of this Commonwealth. See Pub. Sts. c. 162, § 17, cl. 3. If the only effect given by our laws to proof of such charges of fraud were to deprive a debtor of the benefit of provisions enacted for the relief of innocent poor persons arrested for debt, there would be force in the contention that the language of the statute refers to the nature of the game, irrespective of the question whether the gaming was in such a place as to come within the prohibition of our criminal laws. But the effect reaches further. Not only does conviction upon a charge of fraud under this chapter deprive the debtor of all benefit of proceedings for the relief of poor debtors, but it subjects him to a sentence to confinement at hard labor for a term not exceeding one year. Pub. Sts. c. 162, § 52. This is nothing less than punishment for a misdemeanor. The provision of · the statute is peculiar, engrafted upon laws which are in their nature civil, and which in all other parts have no connection with criminal jurisprudence. *Stockwell* v. *Silloway*, 100 Mass. 287. *Anderson* v. *Edwards*, 123 Mass. 273.

But this feature of the statute challenges attention when a charge is made against a non-resident, founded on his conduct in another State, where he owed no allegiance to this Common-

wealth, and when he had no thought of offending against our laws.

It is a general rule, that a State or nation cannot give its statutes extra-territorial effect. There are cases in which, for some purposes, its absent subjects may be made amenable to its laws. Some acts which are consummated, and which take effect in one jurisdiction, may proceed from an actor in another, who, if found in the place where the mischief is done, may be punished there. But it is contrary to fundamental principles of justice that a State should assume to regulate the conduct of citizens of foreign States who have never been within its borders, and to punish them for acts which were lawful where they were done. *Musgrave* v. *Medex*, 19 Ves. 652. *Commonwealth* v. *Green*, 17 Mass. 515, 540. *The King* v. *Hooker*, 7 Mod. 193. *Putnam* v. *Putnam*, 8 Pick. 433. *Adams* v. *People*, 1 Comst. 173, and 3 Denio, 190. *Graham* v. *Mosergh*, 22 Vt. 543. A statute which should purport to do this would violate the spirit, if not the letter, of Article XIII. of the Declaration of Rights in the Constitution of this Commonwealth, which asserts that, "in criminal prosecutions, the verification of facts in the vicinity where they happen is one of the greatest securities of the life, liberty, and property of the citizen." Article VI. of the Amendments of the Constitution of the United States, which is strictly applicable only to prosecutions in the Federal courts, recognizes the same principle in these words: "In all criminal prosecutions the accused shall enjoy the right to a speedy and public trial by an impartial jury of the State and district wherein the crime shall have been committed," &c.

The Legislature must be presumed to have intended that their legislation should be in harmony with these familiar principles, and we must assume that they did not intend to subject a citizen of another State to imprisonment here for an act committed elsewhere, which at the time it was committed had no relation to our laws.

We must, therefore, hold that the statute referred to is not applicable to gaming in another State, by one who was then in no way amenable to the laws of this Commonwealth.

*Exceptions sustained.*