### COMMONWEALTH *vs.* VALENTINE DORNES.

Worcester.    September 27, 1921. — October 11, 1921.

Present: RUGG, C. J., DE COURCY, PIERCE, CARROLL, & JENNEY, JJ.

*Bastardy.    Parent and Child.*

Under St. 1913, c. 563, § 7, the father of an illegitimate child, upon complaint by the mother in a police, district or municipal court of this Commonwealth within whose jurisdiction he resides, may be adjudged the father of the child and be ordered to pay a stipulated sum toward the child's support, although the mother is a resident of another State and the child was begotten and was born there.

COMPLAINT, received and sworn to in the Central District Court of Worcester County on May 24, 1920, under St. 1913, c. 563, § 7, by one Mildred Bartels, charging that the defendant "did neglect and refuse to contribute reasonably to the support and maintenance of his illegitimate child."

On appeal to the Superior Court, the complaint was tried before *Thayer,* J. Material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict of "not guilty" be ordered. The motion was denied, the defendant was found guilty and "was adjudged to be the father of the child and ordered to pay the sum of $250 before June 3, 1921, and $8 per week to the probation officer." The defendant alleged exceptions.

*M. T. Flaherty,* for the defendant.

*C. B. Rugg,* Assistant District Attorney, for the Commonwealth.

DE COURCY, J. This is a complaint under St. 1913, c. 563,

for failure to contribute to the support of an illegitimate child. The mother's residence is in the State of New York, where the child was begotten and born. She came to Worcester, where the defendant lived and had his domicil, for the purpose of making and prosecuting this complaint. He was found guilty on trial, duly adjudged to be the father of the child, and ordered to pay a certain amount before June 3, 1921, and further to make a weekly payment to the probation officer. It does not appear that any order was made relative to the care and custody of the child. The defendant, by his exceptions, raises a question as to the jurisdiction of the courts of this Commonwealth to deal with the case.

On the facts before us, the defendant comes within the express terms of the statute. By § 1, "Whoever, not being the husband of a woman, gets her with child shall be guilty of a misdemeanor. Proceedings under any section of this act may be begun in the municipal, district or police court, having jurisdiction in the place where the defendant lives," etc. By § 6, the defendant is made liable "to contribute reasonably to the support of the child during minority." Section 7, under which this complaint is brought, provides: "Any father of an illegitimate child, whether such child shall have been begotten within or without this Commonwealth . . . who neglects or refuses to contribute reasonably to the support and maintenance of such child shall be guilty of a misdemeanor, and, upon conviction thereof, shall be liable to all the penalties and all the orders for the support of the child provided in the case of a parent who is found guilty of unreasonably neglecting to provide for the support and maintenance of a minor child by chapter four hundred and fifty-six of the acts of the year nineteen hundred and eleven and acts in amendment thereof and in addition thereto; and the practice thereby established shall, so far as it is applicable, apply to proceedings under this section."

The contention of the defendant, in substance is that the purpose of our bastardy laws is to secure the municipality or State against any loss or expense for the child's maintenance; and that where the domicil of the mother, and presumably of the child, is in another State, there is no basis for the jurisdiction of our courts. It is true that historically legislation of this character is connected with the system of poor relief; there being no legal

obligation on the putative father to support his illegitimate child at common law. See Illegitimacy Laws of the United States, Department of Labor, Children's Bureau, 1919. *Wright* v. *Wright*, 2 Mass. 109. Apparently the main object of such legislation has been to provide security for the town liable to support the bastard child. This was emphasized after the St. 1859, c. 239, gave substantial control of the litigation to the overseers of the poor in the town of the complainant's residence. But both before and after that statute was enacted, another recognized purpose was to compel the putative father to aid the mother in the support of the child. *Hill* v. *Wells*, 6 Pick. 104, 109. *McFadden* v. *Frye*, 13 Allen, 472, 473. In recent years the failure of this law adequately to secure the interests of the child attracted public consideration. It became notorious that a defendant who had no property could free himself from imprisonment by taking the poor debtor's oath at the end of four months, and thereby become practically immune from further effective action. The result was that improvident complainants usually accepted a small cash settlement, in disregard of the interests of the child whose maintenance the statute was designed to secure. To remedy this condition, the Legislature enacted the law of 1913, under which the present proceeding is brought. This statute is a radical departure from the type of bastardy legislation that had come down from early colonial times. It makes the begetting of an illegitimate child a misdemeanor, and the non-support of such child a distinct and continuing offence. It utilizes the probation collection system, incidental to criminal proceedings; and adopts the practice of the uniform desertion act of St. 1911, c. 456, so far as it is applicable.

Even under the old bastardy statute the fact that the child was begotten or was born in another jurisdiction, was held to be immaterial. *McFadden* v. *Frye, supra. Davis* v. *Carpenter*, 172 Mass. 167. The case of *Commonwealth* v. *Acker*, 197 Mass. 91, was a prosecution for neglect to support the defendant's legitimate child under St. 1906, c. 501. He deserted his wife in Nova Scotia and came to this Commonwealth; but the child remained in Canada. What was said by Knowlton, C. J., in that case (page 93) is equally applicable to the defence of non-residence in the case at bar. "There is nothing either in the words or the

object of the statute that should limit its application to cases where the neglected person happens to be in this Commonwealth at the time of the neglect, or at the time of the prosecution for it. A person domiciled in this Commonwealth is amenable to the statute, whether his minor child is here when the wrong upon him is committed, or has been carried out of the Commonwealth by his father, or has been left by him in another State or country, if, while residing and having his domicil here, he unreasonably neglects to provide for the child. The offender is here, within our jurisdiction. While residing here he ought to make provision for the support of his wife and minor children, whether they are here or elsewhere. If he fails to do this, his neglect of duty occurs here, without reference to a place where the proper performance of his duty would confer benefits." In *Roy* v. *Poulin*, 105 Maine, 411, where a non-resident mother maintained filiation proceedings against a resident of that State, although the child was begotten and born in another State, it was said by Emery, C. J., "The father of an illegitimate child is certainly under a moral obligation to assist the mother in its maintenance. Our statute makes the obligation legal and enforceable. The moral duty is made a legal one, and we see no good reason why our courts may not enforce it, if the father is subject to our jurisdiction and the mother submits herself to it. . . . The statute does not limit the remedy to residents." A like result has been reached in other jurisdictions, where the defendant was within the jurisdiction of the State, and the mother was a non-resident. *Moore* v. *State*, 47 Kans. 772. *Mings* v. *People*, 111 Ill. 98. *Hawley* v. *State*, 69 Ind. 98. *McGary* v. *Bevington*, 41 Ohio St. 280.

Practical difficulties and serious questions may arise under some of the provisions of the statute when applied to other and different facts. But on the facts existing in this case we are of the opinion that the court had jurisdiction to entertain the complaint against the defendant, to adjudge him to be the father of the child, and to make the order for the payment of money. That disposes of the defendant's exceptions.

*Exceptions overruled.*