COMMONWEALTH *vs.* WALTER H. HERRICK.

Worcester. January 10, 1928. — March 2, 1928.

Present: BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Husband and Wife,* Nonsupport. *Jurisdiction.*

A husband, even if he is domiciled in another State, is subject to complaint and conviction for unreasonable refusal and neglect to provide for the support of his wife under G. L. c. 273, § 1, where it appears that for a period of four days preceding the date of the complaint both he and his wife were within this Commonwealth.

COMPLAINT, received and sworn to in the Central District Court of Worcester on September 13, 1927, and described in the opinion.

On appeal to the Superior Court, the complaint was tried before *Butterworth,* J., a judge of a district court sitting in the Superior Court under St. 1927, c. 282.

The record states: "It was admitted by the defendant that he was actually present in Worcester for a day and a night in September, 1924; and that the defendant was actually present in this Commonwealth from September 9 to September 16, 1927." Other material evidence is stated in the opinion. The defendant was found guilty and alleged exceptions.

C. F. Boyle, for the defendant, submitted a brief.

E. G. Norman, Assistant District Attorney, (H. W. Brown, Assistant District Attorney, with him,) for the Commonwealth.

BRALEY, J. The complaint on which the defendant was convicted charged under G. L. c. 273, § 1, that on September 13, 1927, he "did unreasonably neglect and refuse to provide

for the support and maintenance of his wife." The jury on the evidence of Ada A. Herrick, the defendant's wife, which was admissible under G. L. c. 273, § 7, could find that she and the defendant, domiciled in this Commonwealth, were married in Brattleboro in the State of Vermont in 1911, and immediately returned to Worcester in this Commonwealth where they lived as husband and wife until December, 1922, and then went to Brattleboro where they remained until September, 1923, when Mrs. Herrick returned to Worcester where she stayed with her relatives until September, 1924, and then went back to Brattleboro, where the defendant had acquired a domicil, intending to remain with him. But soon after her arrival and because of his statement that he no longer cared for her or her society, she returned to Worcester where she has since remained and had maintained herself, receiving no support from the defendant. It also could be found on further evidence, that the defendant was physically able to work, and could obtain employment, but did not contribute to the support of his wife. The defendant, citing *Commonwealth* v. *Acker*, 197 Mass. 91, contends that at the time of the neglect to provide support and maintenance he had a domicil in the State of Vermont and was not amenable to the statute.

The important purpose of the Legislature was to provide directly for neglected wives and to punish the wrong of non-support. *Commonwealth* v. *Acker*, *supra*, page 93. It is made a criminal act under the statute. *Commonwealth* v. *Dornes*, 239 Mass. 592. The defendant and his wife on the evidence were within the Commonwealth for a period of four days preceding the date of the complaint, and, even if he was domiciled in another State, he became on his voluntary return to this Commonwealth subject during that period to its laws, for the violation of which he could be prosecuted and punished. *Government & People* v. *M'Gregory*, 14 Mass. 499. *Commonwealth* v. *Macloon*, 101 Mass. 1, 5. *Pawloski* v. *Hess*, 250 Mass. 22.

The defendant's motion for a directed verdict was denied rightly and his exceptions must be overruled.

*So ordered.*