## COMMONWEALTH *vs.* LAWRENCE J. LOMBARD.

Suffolk.    April 10, 1947. — May 27, 1947.

Present: FIELD, C.J., QUA, DOLAN, WILKINS, & SPALDING, JJ.

*Accosting. Statute,* Construction. *Words,* "Offensive," "Disorderly."

By the revision of § 53 of G. L. (Ter. Ed.) c. 272 by St. 1943, c. 377, it
was intended that acts done or language used in accosting or annoying
one of the opposite sex must be both offensive and disorderly in order
to constitute a violation of the statute; and a complaint charging
only "offensive" acts and language in 1946 did not allege a crime.

COMPLAINT, received and sworn to in the Municipal Court
of the Roxbury District of the City of Boston on July 1,
1946.

Upon appeal to the Superior Court, the case was heard
by *Brogna,* J., without a jury. The defendant was found
guilty and alleged exceptions.

*F. X. Hurley,* for the defendant.

*J. A. Sullivan,* Assistant District Attorney, for the Com-
monwealth.

QUA, J. The complaint alleged that on June 30, 1946, the
defendant in a public street "did accost and annoy one
Margaret Russo, a person of the opposite sex, with certain
offensive acts and language." The defendant has insisted
throughout that this complaint alleges no crime, and that
his conviction was unlawful.

The statute involved is G. L. (Ter. Ed.) c. 272, § 53, as
it appears in St. 1943, c. 377. So far as it relates to the
crime apparently intended to be charged this section reads
". . . persons who with offensive and disorderly act or lan-
guage accost or annoy persons of the opposite sex . . . may
be punished . . . ." It will be noted that the complaint
charges only offensive acts and language, whereas the statute
in its present form, if literally construed, requires that the
acts or language be both offensive and disorderly.

Section 53 has had a long history through the times of the

Province and of the Commonwealth. See *Commonwealth* v. *Diamond*, 248 Mass. 511. This history, like that of many other statutes, was partly one of accretion until the revision of the section by St. 1943, c. 377. By that time the section had come to include about a dozen offences of more or less similar nature. The provision as to accosting or annoying persons of the opposite sex was inserted by St. 1914, c. 743. As enacted, that provision used the words "offensive *or* disorderly act or language" and applied only "in public places." Since the words "offensive or disorderly" were used in the disjunctive form, the complaint in this case would have been correct under the statute as it then stood. With the statute in that form, it would not be altogether easy to define exactly what acts or language in a public place would be "offensive" in the sense in which that word must have been employed without being also in some degree "disorderly" in the legal sense. Nevertheless, the Legislature of 1914 used both words, and tautology is not readily imputed to the Legislature. *Commonwealth* v. *McCaughey*, 9 Gray, 296. *Hinckley* v. *Retirement Board of Gloucester*, 316 Mass. 496, 500.

But whatever would have been the construction of the word "offensive" and of the word "disorderly" in the part of the section with which we are now principally concerned before the enactment of St. 1943, c. 377, it is plain that the act of 1943 accomplished a revision of the entire section, and that its purpose was to simplify, to clarify, to modernize, and to make more precise an ancient statute some of the terms of which were difficult to define and had come to have a flavor of obsolescence. To this end the new statute omitted all reference to "rogues and vagabonds," to "persons who use any juggling or unlawful games or plays," to "common pipers and fiddlers," to "pilferers," and to "persons who neglect their calling or employment or who misspend what they earn and do not provide for themselves," and although it retained the general class of "idle and disorderly persons," it no longer expressly defined that class as including "persons who neglect all lawful business and habitually misspend their time by frequenting houses of ill fame, gaming houses

or tippling shops." It added to the list of offenders "disturbers of the peace," "keepers of noisy and disorderly houses," and "persons guilty of indecent exposure."[1] It simplified the penal provisions and to some extent mitigated the possible penalty. The new statute, in dealing with the offence of accosting or annoying persons of the opposite sex, not only, as already stated, changed "or" to "and" between the words "offensive" and "disorderly," but it also omitted all reference to "public places," so that the offence may now be committed even within the walls of a private residence. We think that in view of the general clarifying object which induced the enactment of the 1943 revision — an object which seems to have included the particular offence with which we are here concerned — and in view of the extension of the field within which this particular offence may be committed to include all places, public or private, the present statute must be construed exactly as written. We think that "offensive" and "disorderly" have different meanings, and that to come within the prohibition of the statute the accosting and annoying must be both "offensive" and "disorderly." See *Central Trust Co.* v. *Howard*, 275 Mass. 153, 158; *Meunier's Case*, 319 Mass. 421, 423. And we do not feel called upon at this time to define the precise meaning of either word.

We are therefore of opinion that the defendant is right in his contention that the complaint, which charges him only with acts and language which were "offensive" but does not allege that such acts and language were "disorderly," does not charge him with a crime. The exceptions must be sustained, and the complaint dismissed. G. L. (Ter. Ed.) c. 211, § 8. *Commonwealth* v. *Andler*, 247 Mass. 580. *Commonwealth* v. *Bracy*, 313 Mass. 121. *Commonwealth* v. *Akmakjian*, 316 Mass. 97, 100, 103.

*So ordered.*

---

[1] None of these three was previously a distinct statutory crime. *Commonwealth* v. *Harris*, 101 Mass. 29. *Commonwealth* v. *Goodall*, 165 Mass. 588. *Commonwealth* v. *Broadland*, 315 Mass. 20. But see forms of indictments in G. L. (Ter. Ed.) c. 277, at page 3250.