### Commonwealth *vs.* Joseph H. Gross.

Suffolk.    March 7, 1949. — April 1, 1949.

Present: Qua, C.J., Lummus, Ronan, Wilkins, & Williams, JJ.

*Bastardy. Limitations, Statute of. Pleading, Criminal,* Indictment. *Domicil. Practice, Criminal,* Probation.

An indictment under G. L. (Ter. Ed.) c. 273, § 15, for failure of the defendant to support his illegitimate minor child during the period of five years previous to presentment of the indictment was not barred on the grounds that the child was begotten more than six years previous to the presentment and that "no indictment or complaint charging the defendant with getting the complainant with said child . . . [had] been found and filed within six years from the date of the commission of said crime."

A prior adjudication of paternity is not a necessary preliminary to an indictment under G. L. (Ter. Ed.) c. 273, § 15, for failure to support an illegitimate minor child.

An indictment, charging that the defendant on a specified day "and on divers other days and times between that day and the day of the presentment of this indictment, being the father of a certain illegitimate minor child . . . did neglect and refuse to contribute reasonably to its support and maintenance," was sufficient to charge the crime of nonsupport under G. L. (Ter. Ed.) c. 273, § 15.

Conviction of a resident of this Commonwealth of the crime of nonsupport of his illegitimate minor child under G. L. (Ter. Ed.) c. 273, § 15, was not precluded by the facts that the child had been begotten and born, and the complainant mother and the child had always lived, in another State.

A single man, who had lived with his family in this Commonwealth until he left for service in the navy in 1941, and who had returned to his family's home here in 1946 and had lived there until September, 1948, might be found to have been domiciled here between January, 1943, and January, 1948.

A defendant, who had been found guilty under an indictment charging him under G. L. (Ter. Ed.) c. 273, § 15, with nonsupport of his illegitimate minor child and had accepted probation, had no standing, upon exceptions questioning the validity of the conviction, to complain of alleged illegality in an order, made as one of the terms of the probation, that he pay the confinement expenses of the child's mother.

Indictment, found and returned on January 9, 1948.

A special plea to the indictment was denied by *Higgins,* C.J.

The indictment was tried before *Morley*, J., a District Court judge sitting under statutory authority.

*J. C. Johnston*, for the defendant.

*J. F. McAuliffe*, Assistant District Attorney, for the Commonwealth.

WILLIAMS, J.   After a verdict of guilty on an indictment returned on January 9, 1948, charging that the defendant "on the eighth day of January in the year . . . [1943], and on divers other days and times between that day and the day of the presentment of this indictment, being the father of a certain illegitimate minor child named Richard J. Harrison Gross, did neglect and refuse to contribute reasonably to its support and maintenance," the defendant was placed on probation and ordered to pay a weekly sum for the support of the child and the confinement expenses of the child's mother.   The defendant excepted to the denial of his special plea "that there has been no final adjudication of the paternity of said child, and that no indictment or complaint charging the defendant with getting the complainant with said child has been found and filed within six years from the date of the commission of said crime," [1] and to the denial of his motion that the jury be instructed to return a verdict of not guilty.

There was no error in the "denial" of the plea.   It is to be construed as an adjudication that it was insufficient in law.   The defendant was not charged with the offence of begetting but, under G. L. (Ter. Ed.) c. 273, § 15, with failure to support his illegitimate child during the period from January 8, 1943, to January 9, 1948.   No question of statutory limitation arises.   There was no necessity of prior adjudication of paternity, as § 15 provides that where there is no such adjudication "the question of paternity shall be determined in proceedings hereunder."   See *Commonwealth* v. *Bird*, 264 Mass. 485.

---

[1] G. L. (Ter. Ed.) c. 277, § 63, provides in part: "An indictment for any other crime [than murder] shall be found and filed within six years after the crime has been committed . . .."   Section 79 provides in part: "The provisions of this chapter . . . shall apply as well to complaints as to indictments . . .." — REPORTER.

There was evidence that the defendant was the father of the illegitimate child named in the indictment; that the child was begotten in New York City and that he was born there on November 23, 1941. The defendant testified that he was single and lived with his family in Revere, Massachusetts, until he enlisted in the United States navy in 1940; that he left his home in Revere in April, 1941, for service in the navy and did not return to Massachusetts until 1946; that he returned to his family's home in Revere in May, 1946; and that he had lived there continuously until the time of the trial.[1] It is the contention of the defendant that the court was without jurisdiction of the case because (1) no offence known to the law was charged in the indictment, (2) the complainant (the mother) and the child from the time of his conception to the time of the indictment were domiciled and resident in New York, and (3) it does not appear where the defendant was domiciled and resident at the time of the commission of the offence. Although not phrased according to the forms suggested, in G. L. (Ter. Ed.) c. 277, § 79, for use in charging continuing offences, the indictment properly charges the offence described in G. L. (Ter. Ed.) c. 273, § 15. Section 79, designed to promote the simplification of criminal pleadings, makes the forms, suggested therein, sufficient when used, but not mandatory. It provides that "any other form of indictment or complaint authorized by law may be used." The indictment here is in a form commonly used. In *Wells* v. *Commonwealth*, 12 Gray, 326, 327, it was said that when "the alleged offence may have continuance, the time may be laid with a continuando; that is, it may be alleged to have been on a single day certain and also on divers other days. But those other days must be alleged with the same legal exactness which is required in alleging a single day. Such exactness is obtained by alleging that the offence was committed on a day certain and on divers other days between two days certain." Such allegations are contained in the present indictment.

[1] The trial was in September, 1948. — REPORTER.

Commonwealth *v.* Gross.

See *Commonwealth* v. *Keyon,* 1 Allen, 6.   *Commonwealth* v. *Peretz,* 212 Mass. 253, 255.

The defendant made no motion to quash the indictment and as it clearly charges a statutory offence there is no occasion for us further to consider it under the rule of practice stated in *Commonwealth* v. *Andler,* 247 Mass. 580, *Commonwealth* v. *Cooper,* 264 Mass. 378, 380, 381, and *Commonwealth* v. *McKnight,* 283 Mass. 35, 39.

The matter of the defendant's second contention is settled by the decision in *Commonwealth* v. *Dornes,* 239 Mass. 592, where the child in question was both begotten and born outside of the Commonwealth.

If it was necessary to prove that the defendant was actually domiciled in Massachusetts, which we do not intimate (see *Commonwealth* v. *Herrick,* 263 Mass. 25), there was sufficient evidence to warrant the jury in finding the defendant to have been so domiciled. Such domicil was not affected by his temporary absence in the government service. See *Rummel* v. *Peters,* 314 Mass. 504.  *McLaughlin* v. *Feerick,* 276 Mass. 180.

Finally, the defendant contends that the order to pay the confinement expenses as one of the terms of his probation is illegal. This contention is not based on any exception taken at the trial and need not be considered by us as the defendant, having accepted probation, cannot, at least in these proceedings, now be heard to complain. See *Finer* v. *Commonwealth,* 250 Mass. 493.

*Exceptions overruled.*