COMMONWEALTH *vs.* ARTHUR LANOUE.

Bristol.    October 23, 1950. — December 6, 1950.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Bastardy. Jurisdiction*, Foreign crime, Bastardy. *Practice, Criminal*, Requests, rulings and instructions.

The denial of a motion for a finding of not guilty "as a matter of law" in a criminal case heard in the Superior Court without a jury was treated by this court as a ruling that the evidence warranted a finding of guilty.

Massachusetts had no jurisdiction to prosecute as a crime getting a woman not the defendant's wife with child by sexual intercourse occurring in another State, although the child was born in Massachusetts where the woman resided.

COMPLAINT, received and sworn to in the Fourth District Court of Bristol on April 5, 1949.

Upon appeal to the Superior Court, the case was heard by *Forte*, J., without a jury.

In this court the case was submitted on briefs.

*S. A. Fanning*, for the defendant.

*M. M. Lyons*, District Attorney, for the Commonwealth.

WILLIAMS, J.   The defendant has been found guilty by a judge of the Superior Court, sitting without jury, on a complaint charging a violation of G. L. (Ter. Ed.) c. 273, § 11, in that on or about February 27, 1949, "not being her husband [he] did get . . . [the complainant] with child of which she is now pregnant." He excepted to the denial of a motion that he be found not guilty "as a matter of law." The judge made the following findings of fact: "1. That the complaining witness and defendant engaged in an act of sexual intercourse in the State of Rhode Island, on the date alleged in the complaint which resulted in the pregnancy of the complaining witness and the subsequent birth of a child alive within the Commonwealth of Massachusetts.   2. That the defendant, from the date of his birth to the date of the trial in the Superior Court, was a resident and citizen of the State of Rhode Island.   3. That the complaining witness was at all times, from the date of the intercourse to the date of the trial in the Superior Court, a resident of the Commonwealth of Massachusetts, in the city of Attleboro, within the Fourth Judicial District of Bristol County.   4. That the defendant, by reason of the foregoing, is the father of the child born to the complaining witness and that the child is now alive." He adjudged the defendant to be the father of the child and placed him on probation with an order for weekly payments for the support of the child. To this order the defendant also excepted. The denial of the motion to which exception has been taken may be considered as "equivalent to a ruling that the evidence warranted a finding against the defendant" (see *Commonwealth v. Carter*, 306 Mass. 141, 143). The question presented is whether the court had jurisdiction over the alleged offence. "It is a general rule of universal acceptation that one State or sovereignty cannot enforce the penal laws of another,

nor punish offenses committed in and against another State or sovereignty." *State* v. *Volpe*, 113 Conn. 288, 294. "The criminal laws of a state do not, ex vigore suo, have force beyond the territory of the state which enacts them." *West Cambridge* v. *Lexington*, 1 Pick. 505, 510. "Criminal laws have no extraterritorial validity. They will not be enforced outside the jurisdiction of the sovereign by whose authority they are enacted." *Commonwealth* v. *Booth*, 266 Mass. 80, 84. Therefore, an act to be punishable as a crime in this Commonwealth must be an act committed here and against this sovereignty. See *Bradley* v. *Burton*, 151 Mass. 419, 421; *State* v. *Wyckoff*, 2 Vroom, 65; *State* v. *Cutshall*, 110 N. C. 538, 546; *Regina* v. *Garrett*, 6 Cox C. C. 260; *People* v. *MacDonald*, 24 Cal. App. (2d) 702, 709; *State* v. *Jones*, 227 N. C. 94; Bishop, Criminal Law (9th ed.) § 109; Wharton's Criminal Law (12th ed.) § 310. In the instant case this Commonwealth had no jurisdiction over the offence complained of unless the subsequent birth of the child can be considered an element or part thereof. It was said in *Commonwealth* v. *Macloon*, 101 Mass. 1, 5, "Whenever any act, which, if committed wholly within one jurisdiction would be criminal, is committed partly in and partly out of that jurisdiction, the question is whether so much of the act as operates in the county or state in which the offender is indicted and tried has been declared to be punishable by the law of that jurisdiction." In that case, where an assault took place on the high seas and the victim of the assault died within this Commonwealth, it was held that the defendant was properly convicted of manslaughter. See G. L. (Ter. Ed.) c. 277, § 61. It has also been held that where goods have been stolen in another State and brought by the offender within the Commonwealth the taking may be viewed as continuing and the offender convicted of the crime in this jurisdiction. *Commonwealth* v. *Holder*, 9 Gray, 7. *Commonwealth* v. *White*, 123 Mass. 430, 433. See G. L. (Ter. Ed.) c. 277, § 58. A similar result has been reached where the crime charged is embezzlement. *Commonwealth*

v. *Parker*, 165 Mass. 526. For cases somewhat analogous concerning actions of tort, see *Strogoff* v. *Motor Sales Co. Inc.* 302 Mass. 345, 347; *LeForest* v. *Tolman*, 117 Mass. 109.

Here the begetting was completed in Rhode Island. The subsequent birth of the child was not an element in and formed no part of the offence. At most, it furnished proof that at some previous time the act in question had been committed. The Commonwealth, in its brief, relies on *McFadden* v. *Frye*, 13 Allen, 472, 473, *Davis* v. *Carpenter*, 172 Mass. 167, and *Commonwealth* v. *Dornes*, 239 Mass. 592. The *McFadden* and *Davis* cases arose under Gen. Sts. c. 72, and Pub. Sts. c. 85, the so called bastardy statutes in force prior to 1913. Proceedings under these statutes were essentially civil and designed, not to inflict punishment on the father, but to compel him "to assist the mother in the maintenance of the child, and to secure the municipality or State against any loss or expense for its maintenance." *Davis* v. *Carpenter*, 172 Mass. 167, 173. It was said in *McFadden* v. *Frye*, 13 Allen, 472, 473, "In view of the objects to effect which the statute was enacted, it is wholly immaterial where the child was begotten. Whether the sexual connection was within or without the state, if the child is born here, its maintenance is to be provided for, and the risk of its becoming a public charge is to be provided against." *Commonwealth* v. *Dornes*, 239 Mass. 592, was a complaint under St. 1913, c. 563, § 7, now appearing in G. L. (Ter. Ed.) c. 273, § 15, alleging failure to contribute to the support of an illegitimate child begotten in the State of New York. These cases concern the jurisdiction over complaints for nonsupport but are not precedents to be considered on the issue of jurisdiction over a complaint for begetting.

Begetting was first made a punishable offence by St. 1913, c. 563, § 1, now appearing in G. L. (Ter. Ed.) c. 273, § 11. It is distinct from the offence of failing to support an illegitimate child which is now set forth in c. 273, § 15. Failure to support may take place in and be punishable by the courts of the Commonwealth although the begetting is accomplished elsewhere. See *Commonwealth* v. *Dornes*, 239 Mass.

592; *Commonwealth* v. *Herrick,* 263 Mass. 25; *Commonwealth* v. *Booth,* 266 Mass. 80; *Commonwealth* v. *Gross,* 324 Mass. 123. But the begetting must occur within the bounds of Massachusetts if it is to be punished as an offence. The language employed in the decisions of *Commonwealth* v. *Mekelburg,* 235 Mass. 383, and *Commonwealth* v. *Baxter,* 267 Mass. 591, cited by the Commonwealth, is not to be interpreted as suggesting the contrary. In stating that the place of begetting was immaterial, the court in those cases was not referring to acts committed without the bounds of the Commonwealth.

In the instant case the court had no jurisdiction over the alleged offence. As the adjudication of paternity and the probation order depend on the erroneous finding of guilty, the exceptions must be sustained, the adjudication of paternity vacated, the probation discharged, and the complaint dismissed. See *Commonwealth* v. *Lombard,* 321 Mass. 294, 296.

*So ordered.*