BABY X. *vs.* LOUIS J. MISIANO.

Middlesex.    February 9, 1977. — August 29, 1977.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, WILKINS, LIACOS, & ABRAMS, JJ.

*Illegitimate Child.    Paternity Proceeding.*

A judge of a Probate Court rightly dismissed for lack of jurisdiction an action by an unborn fetus seeking an order compelling its putative father to pay for the support of it and its unmarried mother both before and after birth. [265-266]

CIVIL ACTION commenced in the Probate Court for the county of Middlesex on June 7, 1976.

The case was dismissed by *Freedman, J.*

The Supreme Judicial Court granted a request for direct appellate review.

*Chester Darling* for the plaintiff.

LIACOS, J.    The defendant in this action is also the defendant in *Davis* v. *Misiano, ante,* 261 (1977), and the facts as asserted are essentially the same as alleged in that case. When this proceeding was instituted, the plaintiff was a fetus in its second trimester. The plaintiff purportedly sought an order compelling the defendant to pay for the support of it and its mother both before and after birth. The judge ruled that the court lacked jurisdiction and dismissed the complaint sua sponte. As noted in *Davis* v. *Misiano, supra,* an unmarried mother may be awarded the expenses of pregnancy and confinement in the appropriate forum (G. L. c. 273, § 12), but is not entitled to receive general support payments from the putative father. The mother herself is the proper party to seek a complaint for adjudication of paternity, for expenses of the pregnancy and support of the child. G. L. c. 273, §§ 11-15. *Commonwealth* v. *MacKenzie,* 368 Mass. 613 (1975). An

illegitimate child has no common law right to receive support payments from its putative father, either before or after birth. *Commonwealth* v. *Dornes,* 239 Mass. 592, 593-594 (1921). Any such right is therefore wholly statutory. By providing for award of pregnancy and confinement expenses to the mother, G. L. c. 273, § 12, necessarily covers sums expended by the mother in the care of a fetus which she is carrying. We decline to construe the statute to create a redundant right of recovery in the fetus itself. The father's duty of support extends only to a "child" and does not encompass an unborn fetus. G. L. c. 273, § 15.

A complaint for support of a living child under § 15 is appropriately sought by the mother, for it is she who commonly expends funds on behalf of the illegitimate infant. As noted in *Davis* v. *Misiano, supra,* claims founded on an adjudication of paternity under G. L. c. 273, § 11, must be brought in the District or Superior Courts, as provided by that statute.

The judge's order of dismissal in this case is therefore affirmed.

*So ordered.*