## R.L.H. *vs.* T.E.L.

Hampden. September 14, 1987. — November 9, 1987.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & LYNCH, JJ.

*Paternity. Jurisdiction,* Paternity proceeding, Nonresident. *Statute,* Construction.

This court concluded that, if a child is a nonresident of Massachusetts, a civil proceeding to establish paternity, or to obtain an order as to visitation or custody of the child under G. L. c. 209C may be commenced in the judicial district or county in Massachusetts where the putative parent resides. [102-104]

CIVIL ACTION commenced in the Hampden Division of the Probate and Family Court Department on February 6, 1987.

The case was dismissed by *Joseph E. Rodgers,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Elaine M. Moriarty* for the plaintiff.

LYNCH, J. On November 21, 1986, H, a resident of Connecticut, attempted to file a complaint to establish paternity, pursuant to G. L. c. 209C, against L, the putative father of her minor child, in which it was alleged that L was a resident of Springfield, Massachusetts. The register of the Hampden County Division of the Probate and Family Court Department declined to accept the complaint for filing and returned the complaint to counsel on the basis that, where mother and child reside outside the Commonwealth, Massachusetts courts were without jurisdiction. Thereafter, H filed a motion to compel the acceptance of the complaint for filing and requested that summons be issued or, alternatively, if the judge determined there was no jurisdiction, that the complaint be filed and a formal order of dismissal be entered from which an appeal could be taken.

On February 6, 1987, a Probate Court judge allowed the complaint to be filed and then dismissed it sua sponte for lack of jurisdiction. Because no summons was issued L was not served. H's appeal from the order dismissing the complaint presents the sole issue whether, where mother and child are both nonresidents of Massachusetts, the mother may seek to establish the paternity of a Massachusetts defendant in a Massachusetts court under G. L. c. 209C. We reverse.

In pertinent part, G. L. c. 209C, § 4 (1986 ed.), provides that the paternity complaint "shall be filed in the judicial district or county in which the child and one of the parents lives. If neither of the parents lives in the same judicial district or county as the child then the complaint shall be filed in the judicial district or county where the child lives. The fact that the child was conceived, was born, or lives outside the commonwealth does not bar a proceeding to establish paternity pursuant to this chapter."

The first two sentences of this section make no provision for establishment of paternity in a case where the child lives with a nonresident parent. However, to preclude the filing of such a complaint would be inconsistent with the plain meaning of the third sentence of section four, the statutory purpose to be served by the statute and the long-standing precedents of this court relating to the jurisdiction of Massachusetts courts to hear disputes over the custody and support of children residing with a nonresident parent. We therefore conclude that the first two sentences of § 4 pertain to venue rather than jurisdiction.

General Laws c. 209C was enacted as part of comprehensive child support legislation, St. 1986, c. 310. Its express purpose was to accord children born out of wedlock "the same rights and protections of the law as all other children." G. L. c. 209C, § 1. To that end, c. 209C was intended to "establish a means for such children either to be acknowledged by their parents voluntarily or, on complaint by one or the other of their parents . . . to have an adjudication of their paternity, to have an order for their support and to have a declaration relative to their custody or visitation rights ordered by a court of com-

petent jurisdiction." *Id.* Complaints which include a request for an order relative to custody or visitation must be filed in the Probate Court, G. L. c. 209, § 3 (*a*), and actions brought pursuant to c. 209C may be consolidated with actions brought under G. L. chapters 207, 208, 209, or 273A, if both actions are pending in the same department of the trial court. G. L. c. 209C, § 22.

Nowhere does this chapter evince an intent to depart from established jurisdictional principles in matters pertaining to the support and custody of children by making it a jurisdictional prerequisite that the plaintiff parent reside in the Commonwealth. As we said in *Commonwealth* v. *Dornes,* 239 Mass. 592 (1921), regarding the then applicable statute under which a Massachusetts putative father was sued for failure to contribute to the support of his illegitimate child residing in New York with its mother, "[t]here is nothing either in the words or the object of the statute that should limit its application to cases where the neglected person happens to be in this Commonwealth at the time of the neglect, or at the time of the prosecution for it. A person domiciled in this Commonwealth is amenable to the statute, whether his minor child is here when the wrong upon him is committed . . . . While residing here he ought to make provision for the support of his wife and minor children, whether they are here or elsewhere." *Id.* at 594-595, quoting *Commonwealth* v. *Acker,* 197 Mass. 91, 93 (1908). Moreover, where a challenge to the jurisdiction of the Probate Court was based on the nonresident status of children, we have held that "personal jurisdiction over the parents is a sufficient basis for exercising jurisdiction in custody proceedings which arise under [G. L. c. 209,] § 32." *Green* v. *Green,* 351 Mass. 466, 471 (1966).

In view of the fact that L has yet to be served and given an opportunity to answer, we cannot hold that the Probate Court for Hampden County has jurisdiction over the defendant. It is for that court to determine whether jurisdiction over the defendant has been established. We do conclude, however, that, if a child resides out of the Commonwealth, a civil proceeding under G. L. c. 209C, may be filed in the judicial district or

county in the Commonwealth where the putative parent re-
sides.[1] The order of the Probate Court dismissing the complaint
is, therefore, reversed and the case remanded with instructions
for summons to issue.

*So ordered.*

---

[1] It is necessary to note that issues of subject matter jurisdiction are solely
within the competence of the court to decide. It is, therefore, never appro-
priate for a register to reject a complaint for filing for reasons of lack of
jurisdiction.