COMMONWEALTH *vs.* BRIAN WHITING. No. 02-P-68. August 8, 2003. *Lewdness. Open and Gross Lewdness and Lascivious Behavior. Indecent Exposure. Statute, Construction. Constitutional Law, Vagueness of statute. Due Process of Law, Vagueness of statute. Idle and Disorderly Person.*

On the evening of July 28, 2000, thirteen year old Hannah[1] and four of her friends were listening to music and dancing in the driveway of Hannah's home. At 10:20 P.M., the defendant drove up and stopped his car in front of the driveway. The girls went to the driver's side of the car and spoke with the defendant. The defendant told them, among other things, that he was drunk; that he was gay; that he was "looking for dick"; and that he wanted to be on the Jerry Springer show. He pulled up his shirt and started rubbing his chest. He then unbuckled his seatbelt and began getting out of the car. As he exited the car, the girls ran back toward the house. At the same time the girls were running back to the house, Hannah's father was running out the door. He saw the defendant, his back to the house, bare-buttocked, pulling up his pants. He told the defendant to leave, and the defendant got back into his car and drove

---

[1]A pseudonym.

away. There was testimony at trial that when questioned by the police, the defendant stated that the girls had asked to see his "package"; he had, in jest, pretended to pull his pants down, but then they slipped accidentally.

The defendant was charged by complaint on August 1, 2000, with open and gross lewdness, G. L. c. 272, § 16, and with accosting or annoying a person of the opposite sex, G. L. c. 272, § 53.[2] A bench trial took place on July 26, 2001, in District Court. The defendant moved for a required finding of not guilty with respect to both charges after the conclusion of the Commonwealth's case, and again after the conclusion of all evidence. Both were denied. The defendant was found guilty on both charges.

The defendant argues that both G. L. c. 272, § 16, and G. L. c. 272, § 53, are unconstitutionally vague as applied to him. He also argues that the evidence at trial was insufficient, as a matter of law, to support a finding beyond a reasonable doubt that he was guilty of either open and gross lewdness, or accosting or annoying a person of the opposite sex. We vacate the judgment for violation of G. L. c. 272, § 16, and affirm the judgment for violation of G. L. c. 272, § 53.

1. *General Laws c. 272, § 16.*[3] The defendant argues that the language of the statute did not convey an adequate warning that his conduct was proscribed and the language had not otherwise been adequately subject to judicial construction to apply the statute to his conduct. We agree.

In *Commonwealth* v. *Quinn*, 439 Mass. 492, 501 (2003), the court recently interpreted G. L. c. 272, § 16, "to prohibit the intentional exposure of genitalia, buttocks or female breasts to one or more persons" (footnote omitted). The statute had not been previously interpreted explicitly to include the exposure of the buttocks (or female breasts), and this construction must have a prospective application so as to provide the required fair notice. See *Commonwealth* v. *Quinn*, 439 Mass. at 499. The defendant had no notice of the interpretation of the language of the statute. His conviction of open and gross lewdness is therefore vacated.

2. *General Laws c. 272, § 53.*[4] This statute is not unconstitutionally vague as applied to the defendant's conduct. In *Commonwealth* v. *Lombard*, 321 Mass. 294, 296 (1947), the court held that the prohibited conduct must be

---

[2]The defendant was originally charged with six counts of violating G. L. c. 272, § 16, and six counts of violating G. L. c. 272, § 53. His motion to dismiss ten of the charges as duplicative was allowed.

[3]General Laws c. 272, § 16, states:

"A man or woman, married or unmarried, who is guilty of open and gross lewdness and lascivious behavior, shall be punished by imprisonment in the state prison for not more than three years or in jail for not more than two years or by a fine of not more than three hundred dollars."

[4]General Laws c. 272, § 53, states:

"Common night walkers, common street walkers, both male and female, common railers and brawlers, persons who with offensive and disorderly acts or language accost or annoy persons of the opposite sex, lewd, wanton and lascivious persons in speech or behavior, idle and disorderly persons, disturbers of the peace, keepers of noisy and disorderly houses, and persons guilty of indecent exposure may be punished by imprisonment in a jail or house of correction for

both offensive and disorderly toward someone of the opposite sex. Disorderly "acts or language are those that involve fighting or threatening, violent or tumultuous behavior, or that create a hazardous or physically offensive condition for no legitimate purpose of the actor, whether the resulting harm is suffered in public by the public or in private by an individual." *Commonwealth* v. *Chou*, 433 Mass. 229, 233 (2001). "[S]exually explicit and aggressive language directed at and received by an individual victim may be threatening, notwithstanding the lack of evidence that the threat will be immediately followed by actual violence or the use of physical force" (footnote omitted). *Id.* at 235.

Terms not defined in a statute are given their usual and accepted meaning. *Commonwealth* v. *O'Keefe*, 48 Mass. App. Ct. 566, 567 (2000). See *Commonwealth* v. *Adams*, 389 Mass. 265, 270 (1983). Conduct is offensive when it causes "displeasure, anger, or resentment; esp., repugnant to the prevailing sense of what is decent or moral. . . ." Black's Law Dictionary 1110 (7th ed. 1999).

The defendant used sexually explicit language toward the girls, stepped out of his car, and pulled down his pants. Regardless of what the girls saw, this conduct sent them fleeing to the safety of the house. The girls testified that the defendant's comments "scared" and "confused" them and made them "uncomfortable" due to the sexual nature of the comments, and that they were "frightened," "scared," and "afraid of [the defendant] coming out of the car and . . . hurting [them]." The defendant's conviction for violation of G. L. c. 272, § 53, is affirmed.

*So ordered.*

*Robert S. Ovoian* for the defendant.

*Adam T. Narris*, Assistant District Attorney, for the Commonwealth.

not more than six months, or by a fine of not more than two hundred dollars, or by both such fine and imprisonment."