COMMONWEALTH *vs.* JOSEPH CAHILL. No. 04-P-1115. September 30, 2005. *Idle and Disorderly Person. Threatening. Privacy. Statute,* Construction. *Words,* "Disorderly," "Accosting," "Annoying." Further appellate review granted, 445 Mass. 1106 (2005).

The defendant appeals from his conviction of being a "person[] who with offensive and disorderly acts or language accost[s] or annoy[s] [a] person[] of the opposite sex," G. L. c. 272, § 53, as appearing in St. 1983, c. 66, § 1, based on evidence that, as a trainer of cashiers at a supermarket, he forced his unwanted attentions on a new cashier (complainant), repeatedly asking her out for dates; sometimes approaching her cashier station too closely, so that his body would "graze" hers; occasionally touching her back; often staring down at her station from a balcony above the checkout counters; and on one occasion grabbing her from behind, arms around her shoulders, and holding her for ten to fifteen seconds, the complainant having to ask him to let go. This stopped when she complained to the store manager of harassment, and the defendant was suspended (and later discharged).

"[O]ffensive" acts and "disorderly" acts are separate elements of the offense; each must be proved beyond a reasonable doubt. *Commonwealth* v. *Lombard,* 321 Mass. 294, 296 (1947). There is no dispute the defendant's alleged acts were offensive; the issue is whether the evidence showed the defendant's acts to be disorderly. For purposes of the "accost[ing] or annoy-[ing]" provision of § 53, " 'disorderly' acts or language are those that involve fighting or threatening, violent or tumultuous behavior, or that create a hazardous or physically offensive condition for no legitimate purpose of the actor, whether the resulting harm is suffered in public by the public or in private by an individual." *Commonwealth* v. *Chou,* 433 Mass. 229, 233 (2001).[1]

Here, the defendant's behavior did not involve fighting or violent or tumultuous behavior, nor did it create a hazardous condition; hence, the offense of accosting or annoying was inapplicable unless the evidence warranted a finding that the defendant's behavior was threatening or created a physically offensive condition. Compare *Commonwealth* v. *Chou,* 433 Mass. at 233-234.

The defendant's behavior was not explicitly threatening. Compare *Commonwealth* v. *Sholley,* 432 Mass. 721, 728-729 (2000), cert. denied, 532 U.S. 980 (2001). In the absence of an explicit threat, we require a strong implication that harm may come to the victim, see *Commonwealth* v. *Chou,* 433 Mass. at 235, or a comment or act coupled with an aggressive move toward the victim. See *Commonwealth* v. *LePore,* 40 Mass. App. Ct. 543, 544, 548 (1996); *Commonwealth* v. *Whiting,* 58 Mass. App. Ct. 918, 920 (2003). In

---

[1]This definition is an adaption from the definition of "disorderly" in Model Penal Code § 250.2(1)(a) and (c) (Proposed Official Draft 1962). See *Commonwealth* v. *Chou,* 433 Mass. at 231-233. See also *Commonwealth* v. *A Juvenile,* 368 Mass. 580, 597 (1975) (quoting from ALI, Model Penal Code [Tentative Draft No. 13, 1961] commentary); *Commonwealth* v. *LePore,* 40 Mass. App. Ct. 543, 545-546 (1996).

*Chou, LePore,* and *Whiting,* the threatening behavior also carried overtones of sexual harm.

The defendant's actions did not imply that he intended to harm the complainant, and it is apparent from her testimony that while she found the defendant's unwanted advances upsetting, she did not feel that she was being threatened. Compare *Commonwealth* v. *Chou,* 433 Mass. at 235. There is thus no evidence of threats in the case other than such as might be thought implicit in sexual advances from any supervisor in the workplace. This is an area amply patrolled already by legislation providing a civil remedy for sexual harassment, G. L. c. 214, § 1C, and criminal penalties for stalking and harassment, G. L. c. 265, §§ 43, 43A. To try to shape the somewhat anachronistic "accost[ing] and annoy[ing]" provision of G. L. c. 272, § 53, to police the area further would only add confusion.

Examples of "hazardous or physically offensive conditions" given in the comment to Model Penal Code § 250.2 include "setting off 'stink bombs,' strewing garbage, nails, or noxious substances in public passages, turning off lights in an occupied theater, and an endless variety of public annoyances." Model Penal Code and Commentaries § 250.2 comment 5, at 347 (1980). Of these examples, those that do not involve creation of a "hazardous condition" and so would fall in the category of "physically offensive conditions" all appear to be conditions that offend the senses or cause public annoyance or alarm. We expanded that definition, in the context of the "disorderly person[]" offense of G. L. c. 272, § 53, to include voyeurism, which "offends and results in disorder by invading the privacy of persons precisely where they are most entitled to feel secure." *Commonwealth* v. *LePore,* 40 Mass. App. Ct. at 549. The court in *Commonwealth* v. *Chou,* 433 Mass. at 233-234, declined to treat less extreme invasions of privacy as creating physically offensive conditions: despite the victim's testimony that she felt "violated," the court concluded that the defendant's posting of hate-filled missing person posters picturing his former girlfriend in prominent places in her high school did not create a physically offensive condition. *Id.*

The defendant's behavior did not rise to the level of extreme invasion of personal privacy we held could be a physically offensive condition in *Commonwealth* v. *LePore,* 40 Mass. App. Ct. at 548-549. Nor can we say that his actions caused the type of traditional physically offensive condition described in the comment to § 250.2 of the Model Penal Code.[2] The evidence does not warrant the conclusion that the defendant's actions were disorderly as our case law has defined that term. See *Commonwealth* v. *Chou,* 433 Mass. at 233.

The judgment is reversed, the finding of guilt is set aside, and a new judgment is to be entered for the defendant.

*So ordered.*

*Melissa J. Garand* for the defendant.
*Miriam S. Pappas,* Assistant District Attorney, for the Commonwealth.

---

[2]The "physically offensive condition" aspect of disorderly conduct seems more naturally suited to conduct that breaches the public peace. In the context of the offense of "annoy[ing] [a] person[] of the opposite sex," an example of a physically offensive condition might be a rejected suitor strewing garbage on the property of the object of his affection.