NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1042

COMMONWEALTH

vs.

MATTHEW B. VAILLETTE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury-waived trial in the District Court, during which the judge denied the defendant's motion for a required finding of not guilty, the defendant was convicted of disorderly conduct, G. L. c. 272, § 53.  We affirm.

Background.[1]  On December 8, 2022, a Leominster resident (resident) was tending to his Frosty the Snowman Christmas decoration in his front yard.  The defendant, a complete stranger, was walking down the opposite side of a public street and screamed "fucking racist" at the resident three to four times.  The resident told the defendant to move along.  Instead,

---

[1] The facts are stated in the light most favorable to the Commonwealth.  Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979).

the defendant stopped and turned towards the resident, who told the defendant not to come near him or on his property. The defendant crossed the street and stepped onto his driveway. The resident warned that if the defendant took a step onto his property, he would release his dog. The defendant "kind of laughed" and giggled and walked closer to him, though no closer than twenty-five feet. The resident testified that "[t]he second his foot hit my driveway," his dog let out "a lion's roar," causing the defendant to "beat feet" down the road. The resident felt threatened and described the interaction as "[a]ggravating." The entire interaction was approximately six to seven minutes.

The resident saw the defendant stop at a neighbor's house about one hundred to one hundred and fifty feet away and heard him yell the same thing he had yelled at the resident. The home belonged to an older couple and the resident knew they were home. Concerned for his neighbors, he called the police. Nobody else was around.

Officer Shane Crawford spoke with the resident, and then located the defendant on a nearby street. After a discussion in which the defendant told the officer that the resident threatened him, the officer informed the defendant that he would be summonsed for disorderly conduct.

2

Discussion.  A person engages in disorderly conduct if the person "with purpose to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, engaged in fighting or threatening, or in violent or tumultuous behavior or created a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor" (quotation and citation omitted).  Commonwealth v. Accime, 476 Mass. 469, 472-473 (2017).

1.  Prohibited behavior.  Fighting or threatening conduct "involves the use of physical force or violence or any threat to use such force or violence if that threat is objectively possible of immediate execution."  Commonwealth v. A Juvenile, 368 Mass. 580, 597 (1975).  "Vulgar, profane, offensive or abusive speech is not, without more, subject to criminal sanction."  Id. at 589.  However, threatening behavior can consist of, as it did here, "a comment or act coupled with an aggressive move toward the victim."  Commonwealth v. Cahill, 64 Mass. App. Ct. 911, 911 (2005), rev'd on other grounds, 446 Mass. 778 (2006).  When faced with the defendant screaming "fucking racist" multiple times, and then stepping onto the resident's driveway after being requested to leave, a trier of fact could reasonably find that the evidence supported an apprehensive response by the resident, and thus could properly

3

be understood as a threat.  See Commonwealth v. Chou, 433 Mass.

229, 234 (2001).[2]

2.  Public alarm or annoyance.  The defendant argues that

the evidence was insufficient to show that he caused any public

alarm where nobody else was nearby.

The Commonwealth need only show that the defendant's

conduct "was likely to have had an impact upon persons in an

area accessible to the public."  Commonwealth v. Mulvey, 57

Mass. App. Ct. 579, 583 (2003).  "Public is defined as affecting

or likely to affect persons in a place to which the public or a

substantial group has access" (quotation and citation omitted).

Id. at 582.  "The public element of the offense is readily met

in cases where the proscribed conduct takes place on public

streets."  Id.  Here, the defendant's conduct took place on a

public street and affected the resident and potentially the

elderly neighbors.

3.  Intent.  The Commonwealth must establish that the

defendant either intended to cause public inconvenience,

---

[2] As threatening behavior is sufficient to satisfy the first prong of the crime of disorderly conduct, we need not address whether the behavior was tumultuous.  Additionally, where, as here, the Commonwealth seeks to rest its case primarily on proof that the defendant engaged in tumultuous or threatening behavior, it need not prove that the defendant's conduct served no legitimate purpose.  Commonwealth v. Sinai, 47 Mass. App. Ct. 544, 548 (1999).

4

annoyance or alarm, or recklessly created a risk of public inconvenience, annoyance or alarm. Accime, 476 Mass. at 472-473. Recklessness in this context means "conscious disregard of a substantial and unjustifiable risk of public nuisance." Id. at 473, quoting Model Penal Code § 250.2 comment 2 at 328-329 (Official Draft and Revised Comments 1980). "A person's knowledge or intent is a matter of fact, which is often not susceptible of proof by direct evidence, so resort is frequently made to proof by inference from all the facts and circumstances developed at the trial." Commonwealth v. Casale, 381 Mass. 167, 173 (1980). When the defendant ignored the requests of the resident to move along, and instead approached him and stepped on his driveway and yelled and screamed at a second home such that the resident could hear him from one hundred feet away, a trier of fact could reasonably infer that the defendant

recklessly created a risk of public inconvenience, annoyance, or alarm.

Judgment affirmed.

By the Court (Henry, Grant & D'Angelo, JJ.[3]),

*Paul Little*

Clerk

Entered:  August 30, 2024.

---

[3] The panelists are listed in order of seniority.